CHARLIE CLARK v. STATE.

165 So. 44.

Division B.

Opinion Filed December 27, 1935.

Rehearing Denied January 25, 1936.

*Joseph W. Nichols,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

BUFORD, J.—The writ of error brings for review judgment of conviction of assault with intent to commit murder in the second degree.

Two questions are stated by attorney for plaintiff in error in his brief. The first questions the sufficiency of the evidence to establish the identity of the accused as the person committing the alleged unlawful assault. The identification by one who testified she was an eye witness was posi-

tive and unequivocal. The jury evidently believed she spoke the truth and that question was settled.

By the second question is challenged the propriety of certain questions. propounded to a witness for the defense by the trial judge.

We find no reversible error to have been committed by the court in this regard. The record shows that the trial judge was simply trying to get at the facts as related by the witness and he instructed the jury when objections were interposed after the questions had been asked and answered, that this was his sole purpose and that the jury should not draw any inference from his questions that he had any opinion one way or another as to whether or not the witness was speaking the truth. Certainly if the trial judge is not clear as to what a witness is attempting to state as facts in a case, he should have the witness clarify the statements so that there may be no doubt as to what the witness purports to state. The severity of the sentence in this case impels us to say that it is a proper one to be submitted to the consideration of the State Board of Pardons.

We find no reversible error in the record.

Judgment affirmed.

So ordered.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.