97 So.2d 31 (1957)
Samuel A. YOUNGHANS, Appellant,
v.
STATE of Florida, Appellee.
No. 57-20.
District Court of Appeal of Florida. Third District.
September 10, 1957.
Rehearing Denied October 9, 1957.
*32 Robert C. Lane and Curtiss B. Hamilton, Miami, for appellant.
Richard W. Ervin, Atty. Gen., and George R. Georgieff, Special Asst. Atty. Gen., for appellee.
PEARSON, Judge.
The appellant was charged under Sec. 838.06, Florida Statutes 1955, F.S.A., with accepting unauthorized compensation for performance of duty as a police officer in the City of Miami, Florida; Sec. 838.07, Florida Statutes 1955, F.S.A., provides the penalty for the violation of Sec. 838.06. The appellant was convicted and sentenced to one year in the state penitentiary. The salient portion of the information upon which the appellant was tried is as follows: "* * * being then and there a duly qualified police officer of the municipality of the City of Miami, Florida, organized and existing under the laws of the State of Florida, did unlawfully accept compensation or other remuneration other than that provided by law, to wit: the sum of Seven Dollars, good and lawful money of the United States of America, from Charles J. Greenburg without reasonable grounds for believing that the said compensation or remuneration so accepted was authorized by law, for the performance, nonperformance or violation of an act, rule or regulation that was then incumbent upon the said Samuel A. Younghans, as such police officer of said municipality to administer, respect, perform, execute or to have executed, to wit: that the said Samuel A. Younghans was then and there a duly qualified police officer of said municipality and was authorized by said municipality to arrest persons within the corporate limits of said municipality who may be found by such police officer of violating the ordinances set by said municipality governing the moral conduct of such persons within said municipality, and that it was thereupon incumbent on the defendant as such municipal police officer, not to accept, or receive any reward, compensation or remuneration *33 from any person charged by said police officer with a violation of any of the ordinances, rules or regulations of said municipality governing the moral conduct of persons within said municipality, and notwithstanding the duty thus incumbent upon the said Samuel A. Younghans as such municipal police officer, the said Samuel A. Younghans did then and there while acting as such municipal police officer, on the 2nd day of July, A.D. 1956, did stop the said Charles J. Greenburg while the said Charles J. Greenburg was within the city limits of said municipality and orally charged the said Charles J. Greenburg with being a lewd person and detained the said Charles J. Greenburg, and during the period of such detention aforesaid the said Samuel A. Younghans unlawfully accepted from the said Charles J. Greenburg, said Seven Dollars in money as compensation and remuneration upon an oral agreement and understanding with said Charles J. Greenburg, that his, the said Samuel A. Younghans' action and judgment, as such police officer of the City of Miami, Florida, would be influenced in this, that he would release the said Charles J. Greenburg from said charges of being a lewd person and would not further detain the said Charles J. Greenburg on said oral charge of being a lewd person aforesaid and after the said Samuel A. Younghans had received said Seven Dollars in money from said Charles J. Greenburg, the said Samuel A. Younghans released the said Charles J. Greenburg from further detention, which said compensation and remuneration said Samuel A. Younghans did unlawfully accept as aforesaid * * *." As above stated, the act on which this charge was based is as follows: Sec. 838.06, Florida Statutes 1955, F.S.A.
"Unlawful for officers to accept unauthorized compensation for performance or nonperformance of duty. It is unlawful for any officer, state, county or municipal, or any public appointee, or any deputy of any such officer or appointee, to exact or accept any reward, compensation, or other remuneration other than those provided by law, from any person whatsoever for the performance, nonperformance or violation of any act, rule or regulation that may be incumbent upon the said officer or appointee to administer, respect, perform, execute or to have executed; provided, that nothing herein shall be construed so as to preclude a sheriff or his deputies, city marshal or policeman from accepting rewards or remuneration for services performed in apprehending any criminal."
The appellant relies for reversal upon six assignments of error. The second assignment goes to the court's refusal to grant a requested charge of the defendant. This assignment was not argued, and will not be considered. The first and third assignments of error go to the sufficiency of the evidence to support the finding of the jury, and the fourth is to the effect that the verdict and the judgment is contrary to the law and evidence. These general assignments are relied upon as the basis for appellant's contentions that (1) the evidence was insufficient for a conviction in that there was not introduced into evidence a copy of any ordinance of the City of Miami, specifying the duty that the defendant was alleged to have been performing at the time of the alleged acceptance of unauthorized compensation, and (2) that the trial court erred when it, of its own initiative, charged the jury by reading Sec. 838.06, supra, but failed to read Sec. 838.07, supra. The fifth and sixth assignments of error are to the effect that the appellant did not receive a fair trial, because of the participation of the trial judge in the questioning of the defendant. It is contended by the appellant the court erred in that the excessive questioning by the court was prejudicial to the appellant.
We find it most expeditious to dispose of the last question first. We have carefully examined the record of all of the proceedings had before the court, and while we find it is undeniable that the court *34 participated actively in the questioning of the defendant, we do not find that this participation was prejudicial to defendant's right to have a fair trial. The questions of the court were aimed exclusively toward a disclosure of the facts relied upon by the defense. A great many questions were necessary by the court inasmuch as the replies of the defendant were of such nature as to require additional interrogation by the court in order to determine their substance. Certainly, if the trial judge was not clear as to what a witness was attempting to state, he should have the witness clarify the statements. Clark v. State, 122 Fla. 310, 165 So. 44. The participation by the court in the questioning of the witness was not shown to have in any way prejudiced the right of the defendant to a fair trial. We find no error on assignments five and six.
The crime of which the defendant is accused is purely statutory, and it follows that each essential element of the offense as set forth in the statute must be proved. Johnson v. State ex rel. Fox, 99 Fla. 711, 127 So. 317; State ex rel. Grady v. Coleman, 133 Fla. 400, 183 So. 25. Since the courts do not take judicial notice of municipal ordinances, the failure to introduce the ordinance under which Greenburg was taken into custody must be fatal if the existence of such an ordinance is an essential element of the offense. Miami Shores Village v. Bessemer Properties, Fla. 1951, 54 So.2d 108. The statute under consideration was analyzed in Richards v. State, 144 Fla. 177, 197 So. 772, 774, in which the Supreme Court stated:
"Section 7486 [F.S.A. § 838.06], while infected with the element of bribery, is much broader in scope than the bribery statutes. It reaches only the acceptor of the bribe, but it also includes the crime of extortion and affects the officer, his deputy, or appointee if he exacts or accepts a bribe for the performance, non-performance, or violation of any act, rule, or regulation that he may be called on to perform. It was framed in other words to reach and punish any misconduct on the part of a public officer or his deputy * * *.
* * * * * *
"* * * The source from which the reward of bribe came is not material; the official conduct that it actuated is the gist of the offense. * * *"
The record before us reveals that the defendant as a police officer but not on duty went into Bayfront Park to look for perverts. He found a prospect and took the prospect into custody. After conducting the prospect to the police station the officer released his prisoner from custody and accepted a payment of money. The method used to get the prospect to the police station and make him a prisoner is not an essential element of the crime. It is immaterial whether the prisoner was lawfully or unlawfully made a prisoner. See Moseley v. State, 25 Tex. App. 515, 8 S.W. 652, People v. Anderson, 75 Cal. App. 365, 242 P. 906, 909 and cases cited therein. But after he became the defendant-officer's prisoner there were open to the defendant only two courses of conduct as an officer. He could detain him or let him go. He released the prisoner and accepted a reward for his action. The act of releasing the prisoner was official conduct, and the jury found that it was done in return for a bribe. We find that the existence of a valid ordinance under which the prisoner was taken into custody was not an essential element of the crime.
In this connection the Supreme Court of Florida has pointed out that under this section the duty of the officer may be one that he himself has assumed without being required by law to do so. Ewing v. State, Fla. 1955, 81 So.2d 185. The opinion then quotes with approval the language used by the Supreme Court of Tennessee in the case of Wells v. State, 174 Tenn. 522, 129 S.W.2d 203, 204, 122 A.L.R. 948.

*35 "The gravity of official misconduct is emphasized, in our opinion, if the act corruptly undertaken is beyond the authority of the officer. If an act is done under color of office, it is done officially."
See also La Tour v. Stone, 139 Fla. 681, 190 So. 704.
It is next urged that the trial court erred in its charge when it read to the jury Sec. 838.06, supra, and failed to read Sec. 838.07, supra, which provides the penalty for the violation of the first section. The second named section reads as follows:
"Whoever violates the provisions of § 838.06 without reasonable ground for believing that the reward, compensation or remuneration exacted or accepted was authorized by law, shall be punished by imprisonment in the state prison not exceeding ten years or by fine not exceeding one thousand dollars."
It must first be pointed out that the trial judge is not required to include the penalty for the offense in the charge. This is true even though the provision of Sec. 918.10(1) Florida Statutes 1955, F.S.A., is apparently to the contrary. Simmons v. State, 160 Fla. 626, 36 So.2d 207.
It is urged however that Sec. 838.07, supra, contains an essential element of the offense, to wit, "without reasonable ground for believing that the reward, compensation or remuneration exacted or accepted was authorized by law." It is certainly true that a defendant is entitled to have the jury instructed on the law applicable to his theory of defense where there is evidence introduced in support thereof. Motley v. State, 155 Fla. 545, 20 So.2d 798. The court at the beginning of its charge read the information and the plea. The information specifically set out the language of the statutes, including the language above quoted. No evidence was submitted at the trial to attempt in any way to justify the acceptance of the bribe money. It was not even suggested by the defendant or any witness that there was any ground for believing the acceptance was authorized by law. The reading of the provision of the statute above pointed out could not have aided the defense offered. It could not have affected the verdict of the jury in one way or another. Therefore the failure to read Sec. 838.07, supra, was in any event harmless error.
For the reasons set forth the judgment is affirmed.
Affirmed.
CARROLL, CHAS., C.J., and HORTON, J., concur.