STEPHENSON, GUNTER, Associate Judge.
The appellant-defendant was charged with unlawfully accepting unauthorized compensation as a police officer of City of Cocoa, Florida, in violation of Section 838.06, Florida Statutes, F.S.A.
The cause was tried before the trial judge sitting as the court and jury. The appellant was convicted and sentenced to serve 5 years in the state penitentiary.
After the conviction and sentence the defendant filed motions for new trial and judgment notwithstanding the verdict. *64 These were denied, and thereupon this appeal was taken.
The appellant relies for reversal upon •seven assignments of error. The first through the fourth assignments of error ■go to the sufficiency of the evidence to support the verdict, judgment and sentence. The fifth assignment is to the effect that the appellant did not receive a fair and impartial trial. The 6th and 7th ■complain that the trial court erred in not ¡granting appellant a bill of particulars and also erred in denying defendant’s motion -to quash the information.
The record before, us reveals that the defendant, as a police officer of the City of ■Cocoa, Florida, while on duty in his patrol •car, stopped certain individuals. After ■stopping them he pulled in behind the car which was operated by one G. B. Hunter .and asked to see said Hunter’s driver’s license. Upon learning that Hunter had -no driver’s license, the defendant told 'Hunter there would be a fine of $25 for not having the driver’s license and likewise advised Clarence Petty, owner of the •car and passenger therein, that he would be fined $25 for letting Hunter drive his •car. In addition, defendant at that time advised one James Flowers, also a passenger therein, that there would be a fine of •$25 against him for being intoxicated.
After determining that these three individuals had only $25 collectively, the defendant accepted this sum of money and -told them to have the remaining $50 ready the next time he saw them, and thereupon ■the defendant released the individuals. The Chief of Police of Cocoa, Florida, was advised by Petty of the above sum-marized conduct of the defendant.
Subsequently Clarence Petty, in collaboration with said Chief of Police, gave to •the defendant an additional $25 of marked currency as a settlement for the balance •of the fines above referred to.
The evidence is ample to substantiate -that the defendant accepted the $25 in marked currency as a reward for releasing the said Hunter, Petty and Flowers. The act of releasing these prisoners was official conduct, and the testimony amply supported the findings of the trial judge that said release was done in return for a bribe. We find no error in assignments one through five. It is obvious that the information in this case was patterned after the one set forth and approved in the case of Younghans v. State, Fla.App.1957, 97 So.2d 31. The information now being considered gave appellant full and complete apprisal of the charge filed against him, and we find no error in assignments six and seven.
The appellant having failed to establish existence of any reversible error, the judgment and sentence is affirmed.
KANNER, Acting C. J., and SHANNON, J., concur.