PEARSON, TILLMAN, Chief Judge.
The state appeals from a judgment discharging prisoner on habeas corpus.[1] The petition alleged that the petitioner, Bernard Mason, was unlawfully imprisoned under a capias issued on an information which did not charge an offense.
The question is whether the following language from the information charges a crime:
“Bernard Mason on the 13th day of February, 1961, in the County and State aforesaid, knowing that one Paul Emmons was then and there a public employee, to-wit: a police officer of the City of Miami, Dade County, Florida, the said Bernard Mason did then and there corruptly give, offer or promise to the said Paul Emmons, cash in the sum of Twenty-five Dollars ($25.-00), good and lawful money of the United States of America, the money being given to the police officer, Paul Emmons, by the said Bernard Mason with the intent or purpose of influencing the act, opinion, decision, *609 judgment or behavior of the said Paul Emmons, then acting in his official capacity as a police officer, to-wit: Bernard Mason requested the said Paul Emmons to ‘kill’, ‘water down’, or suppress any complaints that were made to the City of Miami Police Department or the City Manager’s office against him, the said Bernard Mason, Gil’s Cafe, or the Palm Club, in violation of Florida Bribery Statute 838.011, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Florida.”
The state urges that the crime of bribery is charged under section 838.011, Fla.Stat., F.S.A.:
“Bribery. Any person who shall corruptly give, offer or promise to any public officer, agent, servant or employee, after the election or appointment or employment of such public officer, agent, servant or employee and either before or after he shall have been qualified or shall take his seat, any commission, gift, gratuity, money, property or other valuable thing, or to do any act beneficial to such public officer, agent, servant or employee or another, with the intent or purpose to influence the act, vote, opinion, decision, judgment or behavior of such public officer, agent, servant or employee on any matter, question, cause or proceeding which may be pending or may by law be brought before him in his public capacity, or with the intent or purpose to influence any act or omission relating to any public duty of such public officer, agent, servant or employee, or with the intent or purpose to cause or induce such public officer, agent, servant or employee to use or exert or to procure the use or exertion of any influence upon or with any other public officer, agent, servant or employee in relation to any matter, question, cause or proceeding that may be pending or may by law be brought before such other public officer, agent, employee or servant, shall be guilty of the crime of bribery.”
The state seeks reversal upon the authority of Zalla v. State, Fla.1952, 61 So.2d 649. The appellee says the decision is not in point because Zalla made a direct offer to the police officers for the purpose of securing their noninterference with his illegal lottery. Appellee points out that the information does not allege that Mason asked the officer to allow Mason to do anything illegal.
In the instant case, the offer is alleged to be for the purpose of securing the police officer’s interference with law enforcement by an effort “ * * * to ‘kill’, ‘water down’ or suppress complaints that were made to the City of Miami Police Department or the City Manager’s Office * * *.” We do not think that the distinction is sufficient to destroy the criminal nature of the offer. Cf. Bias v. State, Fla.App.1960, 118 So.2d 63; Younghans v. State, Fla.App. 1957, 97 So.2d 31. The statute requires only that the offer be to procure the influence of the officer.
Appellee next urges that the “Police Department” and the “City Manager’s Office” are not individuals and that therefore the offer to influence the act of the police officer was not within the statute which says: “or induce such public officer, * * * to use * * * any influence upon * * * any other public -officer, agent, servant or employee * *
To so hold would be to emasculate the clear purpose of the statute. We can be sure that the legislature intended to make criminal the buying of influence in public places. It is not necessary for us to frustrate that purpose by refusing to recognize that police departments and city manager’s offices are staffed with people. These people will invariably be “public officer (s), agent (s), employee (s) or servant (s) of the City of Miami.”
Second, appellee urges that no allegation is made of any prospective unlaw *610 ful action by those who are the object of the influence, because they were to act on “complaints”, not legal proceedings. We can take judicial notice of the fact that a great deal of municipal police action is upon a complaint basis. If complaints can be successfully suppressed, municipal action can be short-circuited.
Upon authority of Zalla v. State, supra, the judgment is reversed with directions to quash the writ and dismiss the petition.
Reversed.

. The right to appeal is granted by Section 924.07 (6), F.S.A. The appeal is given precedence over all other cases by Section 79.11, F.S.A.