## BELLAMY v STATE OF FLORIDA

### Case No. 88-57-AP (County Court Case No. 88-11162-MM)

Fourth Judicial Circuit, Duval County

March 24, 1989

### APPEARANCES OF COUNSEL

**James T. Miller,** Assistant Public Defender, for appellant.

**Bruce R. Anderson, Jr.,** Assistant State Attorney and **Thomas G. Fallis,** Office of the State Attorney, for appellee.

### OPINION OF THE COURT

ROBERT L. COWLES, Circuit Judge.

### *ORDER ON APPEAL*

This cause came before the court on appeal from the County Court of Duval County, Florida. It is an appeal from a jury verdict finding the Appellant guilty of Battery on July 21, 1988.

There are two issues presented in this appeal by the Appellant. They are:

1. Whether or not the trial court erred in admitting evidence concerning the extent of the victim's injuries in a simple battery case.

2. Whether the trial court erred in questioning the Appellant while he was testifying and thereby commenting on the evidence.

By way of background information, this charge arose out of an incident which occurred on February 4, 1988, in Jacksonville, Florida. It was the Appellant's position that Fred Pallila pushed him into a corner and put his finger right into the Appellant's face. The Appellant further testified that Pallila threatened his life. The two men struggled, and the Appellant hit Pallila several times with a pipe.

At trial, Pallila testified as to the nature of his injuries. Further, the court allowed two photographs into evidence showing the injuries. Pallila testified that he received a fractured bone in his knuckle.

With regard to the first issue, it is the Appellant's position that the Court's allowing the extent of the victim's injuries into evidence in a simple battery case was error and cited *D.C. v State*, 436 So.2d 203 (Fla. 1st DCA 1983). The material issue in this case was whether the intentional touching was justifiable self defense. The trial judge instructed the jurors at the close of the trial that the issue in this case was whether the Appellant acted in self defense. Specifically, the trial judge instructed the jury as follows:

"There is legal cause for self defense; it depends on whether or not the Defendant carried a weapon; it depends on whether or not the Defendant carried a weapon or the Defendant used a weapon in such a way as to cause death or great bodily harm, or not cause death or great bodily harm."

In reviewing this instruction, the jury had to choose between two diverse sets of self defense guidelines. Thus, evidence concerning the location and nature of the Appellee's injuries arising from the Appellant's blows would be relevant and material to the jury's initial, critical self defense determination. Thus, under Section 90.401 and 90.403, Florida Statutes, any prejudicial effect that might have resulted from the introduction of such evidence was outweighed by the probative value given to the evidence. This court is of the opinion that the evidence admitted was relevant to assist the jury in determining whether or not the Appellant intentionally struck the Appellee in self defense. It was not error to admit this type of evidence and testimony.

With regard to the issue of whether or not the Honorable Haldane Taylor committed error in questioning the Appellant, let us first indicate the questions that were asked by the court:

Q. "Mr. Bellamy, do you know if he had any type of weapon in his possession?"

11

A. "No, sir."

Q. "Was he holding a pipe?"

A. "No, sir."

It is improper for a court to do anything in a trial which conveys an opinion on the case or credibility of the witnesses. In *Stewart v State,* 420 So.2d 862 (Fla. 1982), the Supreme Court stated that a trial judge should not convey to a jury any intimation as to the court's opinion of the case. However, a trial court can ask questions during a trial to clarify issues. As the court pointed out in *Williams v State,* 143 So.2d 484, 488 (Fla. 1962):

"The trial judge should not lean on the prosecution or defense lest it appear that his neutrality is departing from center. The judge's neutrality should be such that even the defendant will feel that his trial was fair."

The Appellant points out that the trial court's questions possibly led to the jury to reject the Appellant's self defense claim, because the victim did not actually have a weapon. The Appellant further points out, however, that the reviewing court must consider the probable impact of improper evidence upon the minds of the average jury. *Kennedy v State,* 385 So.2d 1020 (Fla. 5th DCA 1980).

The Appellant's reliance upon the case of *Hamilton v State,* 109 So.2d 422 (Fla. 3d DCA 1959), is not well taken. It is clear in that case where Hamilton was charged with first degree murder, and the trial court asked "Do you still live where you lived at the time your husband was murdered?" that that was an improper comment on guilt. Such is not the case here.

The only thing the court did in this case was simply attempt to clarify Mr. Bellamy's testimony, as it was confusing. As the court said, the "questions were merely to clarify Mr. Bellamy's testimony was it was confusing, and I wish that it should be clarified."

The Florida Supreme Court has held that it was proper for a trial judge who was confused as to what a witness is attempting to state as facts in a case to have the witness clarify the statement so that there would be no doubt as to what the witness purported to state to the jury. *Clark v State,* 165 So. 44, 122 Fla. 310 (1936), the Supreme Court has also held that a trial court can ask questions during a trial to clarify issues. *Williams v State,* 143 So.2d 484 (Fla. 1962). It is apparent that the questioning of the court was only a clarification of the questions raised by the Appellant's attorney on direct examination regarding possession of the pipe used by him to strike the Appellee.

12

Therefore, the court's questions in the present case did not raise new issues or highlight the issue of whether the victim had a weapon.

The verdict appealed from the County Court of Duval County is AFFIRMED.

DONE AND ORDERED at Jacksonville, Duval County, Florida, this 24th day of March, 1989.