721 So.2d 807 (1998)
Everett Leon NICHOLS, Appellant,
v.
STATE of Florida, Appellee.
No. 97-2444.
District Court of Appeal of Florida, Fifth District.
December 11, 1998.
James B. Gibson, Public Defender, and Kenneth Witts, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Wesley Heidt, Assistant Attorney General, Daytona Beach, for Appellee.
*808 GRIFFIN, Chief Judge.
Everett Leon Nichols ("defendant") timely appeals his conviction for robbery with a firearm. We affirm.
On October 4, 1996, the clerk of a convenience store in Crystal River, Florida was robbed at gunpoint. The robber walked away from the scene on foot, carrying a bag full of money. The robber was followed at a distance by a customer of the store, who had come on the scene only after the robbery had occurred. The customer ultimately flagged down police and identified defendant as the robber. Defendant was arrested for the robbery and was identified as the robber later that same night by the store clerk. He also confessed to the crime shortly after his arrest. The money taken during the robbery was found in a bag in the woods.
Defendant was charged by information with robbery with a firearm.[1] He was tried before a jury on June 26, 1997. At trial, the store clerk testified on direct that he had positively identified defendant as the robber on the night of the robbery. He stated:
Q. Later that evening, did you have an opportunity to identify the defendant in this case?
A. Yes, I did.
Q. Were you able to do that?
A. Yes, I identified him.
Q. And you made sure that was the same person that had robbed you?
A. Yes.
Before the store clerk stepped down from the stand, the court called the prosecutor to the bench and asked whether she wanted to have the clerk identify the defendant. She responded cryptically, "I can't." The court then asked the clerk to point out the person who had robbed him, whereupon the clerk positively identified the defendant. No objection of any kind was made to the question posed by the court, nor to the answer given by the clerk.
Defendant was convicted of robbery with a firearm, but was acquitted of the two remaining charges on appeal. Defendant contends on appeal that the trial court reversibly erred by asking the store clerk, Cormier, to identify the defendant as the robber. He asserts that in asking this question the trial court impermissibly acted as prosecutor. He also contends that this was part of a pattern exhibited by the court which suggested to the jury that the court believed in the defendant's guilt.
These arguments have not been preserved for review, since defense counsel failed to object to questioning by the court. This does not rise to the level of fundamental error; thus, in the absence of a timely objection, the issue cannot be a basis for reversal. See, e.g., Mack v. State, 270 So.2d 382 (Fla. 3d DCA 1972). Although a trial judge is not permitted to enter into the proceedings and become a participant, since this calls into question his neutrality, see Wayland v. Wayland, 595 So.2d 234, 235 (Fla. 3d DCA 1992), the trial court is given limited discretion to propound questions to witnesses to clarify testimony or to aid in the fact-finding process, as long as such questioning is done in an impartial manner. Clark v. State, 122 Fla. 310,165 So. 44 (1935).
Even if the lower court did err, the error appears harmless in light of the overwhelming evidence of defendant's guilt. The defendant in this case was actually followed from the scene and was kept in view until his apprehension by police. He also confessed to the crime after he was taken into custody. His sole defense at trial was that he did not remember committing the crime because he was intoxicated on both drugs and alcohol when the incident occurred.
AFFIRMED.
COBB and THOMPSON, JJ., concur.
NOTES
[1] He was also charged with burglary of a dwelling while armed and grand theft for events transpiring prior to the robbery which were connected with his acquisition of the gun, but he was acquitted of these charges and they are not at issue in this appeal.