PER CURIAM.
In his appeal of his conviction and sentence, appellant, Israel Peraza, makes five claims, three of which were not preserved by a proper objection at trial and thus are not preserved for review, nor are they fundamental error. See McDonald v. State, 743 So.2d 501, 505 (Fla.1999)(failure to object to prosecutor’s comment in closing'argument); Archer v. State, 673 So.2d 17, 20 (Fla.1996) (failure to object to jury instruction); Nichols v. State, 721 So.2d 807, 808 (Fla. 5th DCA 1998)(failure to object to court’s questioning of eyewitness).
Appellant also alleged that the trial court erred in failing to strike the jury panel for improper voir dire by the prosecutor. However, this case is controlled by Rivera v. State, 718 So.2d 856 (Fla. 4th DCA 1998), and the trial court’s considerable discretion. See Miller v. State, 683 So.2d 600, 602 (Fla. 2d DCA 1996).
Finally, appellant challenges the trial court’s denial of appellant’s motion for judgment of acquittal and for judgment notwithstanding the verdict. As to this point, appellant makes a “weight of the evidence” argument instead of a “sufficiency of the evidence” argument, which is not the standard upon which a motion for judgment of acquittal is governed. See Rosso v. State, 505 So.2d 611, 615 (Fla. 3d DCA 1987). In any event, an eyewitness testified that appellant struck his wife with a tool. Therefore, the jury’s verdict was supported by substantial competent evidence, and the trial court properly denied the motion for judgment of acquittal.
Affirmed.
WARNER, C.J., STEVENSON, J., and OFTEDAL, RICHARD L., Associate Judge, concur.