FRED TAYLOR, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error.*

Division B.

Opinion filed November 13, 1929.

Petition for rehearing denied November 26, 1929.

*R. B. Schallern,* for Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *Roy Campbell,* Assistant Attorney General, for the State.

BUFORD, J.—The defendant being tried under an indictment in the Circuit Court of Dade County wherein he was charged with murder in the first degree, was convicted of murder in the first degree, the jury recommending him to the mercy of the court.

There are presented five (5) assignments of error. The first assignment of error is based upon the action of the court in denying defendant's motion for a new trial.

The disposition of the other assignments of error will indicate that this assignment of error was not well taken.

The second assignment of error is based upon the action of the court in overruling defendant's objection to the testimony of one Howard M. Williams upon the theory that the testimony of Williams attempted to establish a confession by the defendant. The testimony of Williams does not bear out this theory, as Williams did not purport to testify

to a confession of guilt by the defendant. His testimony was, in effect, that while he was taking the defendant to a hospital the defendant said that if he had not killed the deceased he would do it when he got out of the hospital. There was no valid reason for the exclusion of such testimony and it was properly admitted.

The third assignment of error is based upon the action of the court in denying defendant's motion for a directed verdict of not guilty at the close of the State's testimony. There is no merit in the assignment.

The fourth and fifth assignments of error are addressed to the action of the court in giving certain paragraphs of the charge of the court. There is no contention that these paragraphs did not correctly state the law as far as they go, and, therefore, there is no valid objection to the giving of such charges by the court. If the defendant wished to have the court give a charge touching other phases of the law as given in the charge objected to it was within his province to request such charge and obtain a ruling of the court as to the giving of the same. This was not done.

There were some conflicts in the evidence, which it became the province of the jury to reconcile, if possible, and if the same could not be reconciled by the jury, then it was the duty of the jury to determine who was and who was not speaking the truth. See Buchanan v. State, opinion filed May 31st, 1929, 122 So. R. 704.

There was ample substantial evidence to support the verdict of the jury.

Motion for a new trial contains, amongst other things, the following grounds:

"Because the court erred in overruling the defendant's motion to compel the State's attorney to use, as a witness for the State of Florida in this cause, on, B. Colebrooks, whose name was indorsed on the back of

the indictment filed in this cause as one of the witnesses upon whose testimony the State intended to rely in this cause, as and when the court did.

Because the court erred in overruling the defendant's motion to have the said State's witness, B. Colebrooks, testify as a witness for the court, with the right of cross-examination by the State and defendant, as and when the court did.

Because the court erred in compelling the defendant to make the said State's witness, B. Colebrooks, his witness, thereby making it necessary for said defendant to reconstruct his entire defense in said cause, thereby embarrassing the defendant in his defense and causing said defendant to lose his right to the closing argument in said cause before the jury therein empanelled and sworn, as and when the court did.''

No error is shown in support of either of these assignments. The defendant has no inherent right to have any particular person made a State witness at his trial. Neither has the defendant an inherent or other right to require the court to call a witness (as the court's witness) in any case.

The defendant exercised his own right and legal privilege in calling the witness Colebrooks as his own witness.

We find no error disclosed by the record and, therefore, the judgment should be affirmed. It is so ordered.

Affirmed.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.