JAMES CLARK, *Plaintiff in Error*, v. STATE OF FLORIDA, *Defendant in Error*.

Division B.

Opinion filed November 13, 1929.

*R. A. Hendricks* and *B. E. Hendricks*, for Plaintiff in Error;

*Fred H. Davis*, Attorney General and *Roy Campbell*, Assistant Attorney General, for the State.

BUFORD, J.—In this case the defendant was convicted of robbery. The State relied upon the identification of the defendant by the alleged victim who was shown to have had no previous acquaintance with the defendant.

The defendant and one, John Hatton, were informed against jointly. At the first trial Hatton was acquitted and a mistrial was had as to this defendant. The second trial of this defendant resulted in conviction, judgment and sentence. The proof is positive that the robbery was committed between eight and nine o'clock on the night of the 12th of March, 1929. The defendant interposed the defense of alibi. The robbery was committed at a restaurant at 740 Fifth St., Miami Beach. Five witnesses besides the defendant testified that the defendant was at the home of R. B. Council at 116 N. W. 54th St., Miami, Florida, continuously from eight o'clock P. M. until after nine o'clock P. M., March 12th, 1929. The evidence shows that Miami Beach is some 6 or 8 miles from the place where the five witnesses and defendant testified that he was at the time the robbery was committed. The evidence also shows that neither of the witnesses in behalf of the defendant had any more interest in him than that of a casual acquaintance and it not shown that they had any interest whatever in the result of the prosecution.

This Court has many times held in homicide cases that "Where the evidence as to the identity of the accused as being the guilty party is not satisfactory, a new trial will be granted." See Troop v. State, 123 So. R. 811, Fuller v. State, 92 Fla. 873, 110 So. R. 528.

In Fuller v. State, *supra,* the Court say:

"In considering this case, we are mindful of the oft repeated rule that in a criminal prosecution, a verdict of guilty will not ordinarily be disturbed upon the ground of the insufficiency of the evidence, where there is some evidence from which all the elements of the crime may have been legally found or inferred, and it does not appear that the jury was not governed by the evidence adduced at the trial. Exceptions to this rule, however, have been previously recognized by this Court in criminal cases where the evidence as to the identity of the accused as being the guilty party was not satisfactory, and also where the verdict was not in accord with the manifest justice of the case. See Platt v. State, 65 Fla. 253, 61 So. R. 502; Nims v. State, 70 So. R. 565; Davis v. State, 76 Fla. 179, 79 So. R. 450, Ming v. State, 89 Fla. 280, 103 So. R. 618."

In that case there was a conviction of murder in the second degree, but the court did not in stating the rule and the exceptions thereto confine the same to homicide cases and there is no reason why the rule as stated with the exceptions should be so confined. The rule is applicable alike to all criminal prosecutions and the exceptions are applicable where the record shows the existence of the conditions which require the invocation thereof.

When we take into consideration our knowledge of men and affairs and realize how easily one may be mistaken as to the identity of another, even when he has some slight acquaintance with such other, and in connection with that consider the fact that in this case the person who is alleged to have been robbed had opportunity to see and observe the robber only during that interval of time when

the robber had a gun shoved against his stomach and was demanding his money and consider the further probability that under such conditions the person being robbed was in a state of some excitement and not entirely composed, we think it would probably mean a miscarriage of justice for a conviction to stand based upon the evidence of such person alone as to identity in a case where the evidence shows that five disinterested and un-impeached witnesses testified that the defendant was at a place some six or eight miles away from the scene of the robbery when the robbery was committed. In such a case, although the Court is reluctant to interfere with the verdict of a jury based on the facts, justice demands that a new trial be granted. Kilcrease v. State, 117 So. R. 862.

For the reasons stated, the judgment should be reversed and it is so ordered.

Reversed.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.