ODIE MCNEIL, *Plaintiff in Error,* vs. THE STATE OF FLORIDA, *Defendant in Error.*
139 So. 791.
Division B.
Opinion filed February 26, 1932.

*George M. Okell,* of Miami, for Plaintiff in Error;

*Cary, D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for Defendant in Error.

PER CURIAM.—Robert Reese, P. Baldwin and Odie Mc- Neil were jointly informed against in the Criminal Court of Record of Dade County for the offense of armed rob- bery, as denounced and punished by Chapter 13793, Acts of 1929, Laws of Florida, Section 7157 C. G. L., 5055 R. G. S., as amended.

Robert Reese and Odie McNeil were found guilty while P. Baldwin was acquitted. From a sentence to life im- prisonment imposed on him by the Court, Odie McNeil,

one of the convicted defendants, took writ of error to this Court.

The judgment against Odie McNeil must be reversed on the authority of Nims v. State, 70 Sou. Rep. 565; Platt v. State, 65 Fla. 253, 61 Sou. Rep. 502; Newborn v. State, 73 Fla. 1064, 75 Sou. Rep. 581; Heath v. State, 97 Fla. 330, 120 Sou. Rep. 846; Parrish v. State, 98 Fla. 877, 124 Sou. Rep. 445.

Human liberty should not be forfeited by a conviction under evidence which is not sufficient to convince a fair and impartial mind of the guilt of the accused beyond a reasonable doubt. This is especially true in a case where life imprisonment is the penalty imposed. Heath v. State, *supra.* And where the evidence of identity of the accused as being the guilty party is not satisfactory to the appellate court, a new trial will be granted. Nims v. State, *supra.*

In this case the sole testimony identifying the defendant McNeil as a participant in the robbery was given by the witness Rahming, whose identification of the defendant P. Baldwin, which was of equal force, was rejected by the jury which found Baldwin not guilty on the same identification on which it convicted McNeil.

While the weight of the evidence and the credibility of the witnesses is ordinarily a matter which is exclusively within the province of the jury to decide, and this court will as a rule not reverse a judgment based upon a verdict returned by the jury and approved by the trial judge, when there is substantial evidence to support the verdict rendered, it is also the rule that the evidence relied on to have this effect must be *substantial* in character.

When such evidence is not substantial in character, this court is committed to the rule that a conviction will be reversed and a new trial ordered, where the evidence

relied on is not satisfactory to establish the identity of an accused as a participant in a crime of which he has been found guilty. Platt v. State, *supra*.

Reversed for a new trial.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.