HERMAN ANDREW ALLEN, *Plaintiff in Error* v. STATE OF
FLORIDA, *Defendant in Error*.

147 So. 852.

Division B.

Opinion filed April 26, 1933.

*Whitaker Brothers*, for Plaintiff in Error;

*Cary D. Landis, Attorney General*, and *Roy Campbell, Assistant*, for the State.

BUFORD, J.—The plaintiff in error was convicted in the Criminal Court of Record of Hillsborough County on an information purporting to charge the crime of robbery under the provisions of Section 4055 R. G. S., 7157 C. G. L. The charging part of the indictment was in the following language:

"That Herman Andrew Allen, alias H. W. Hughes, and Pat Wilmeth, alias Taft Wilmeth, late of the County of Hillsborough aforesaid, in the State aforesaid, on the 27th day of February in the year of our Lord One Thousand, Nine Hundred Thirty Three with force and arms at and in the County of Hillsborough aforesaid, did unlawfully and feloniously assault one Henry Worrell, and in furtherance of said assault did then and there feloniously rob, steal, take away from the person of him, the said Henry Worrell, Fifteen Hundred and Fifty-five Dollars in money of the United States of America, a further description of said money being to the Solicitor unknown, of the value of Fifteen Hundred, Fifty-five and no/100 Dollars ($1555.00) in money current in the United States of America, the property of The Great Atlantic and Pacific Tea Company, a corporation, being then and there armed with deadly weapon,

to-wit: pistols, with intent then and there if resisted, to kill and maim the said Henry Worrell against the form of the statute in such case made and provided," etc., etc.

It is first contended that a motion filed in arrest of judgment should have been granted because the indictment is so defective in substance that it charges no offense against the laws of the State of Florida. The contention is that the indictment is fatally defective because it shows upon its face that the property taken from the person assaulted was not the property of such person and does not show that he was in the lawful possession thereof. The contention is that, *non constat,* the accused may have had the lawful right of possession to the property and that his taking of the property from the person alleged to have been assaulted may have been a lawful act. The argument presented by counsel is ingenious and persuasive but not convincing. The charge in the information is practically in the language of the statute and when an information is so drawn it is not necessary for the information to negative all defenses that might be interposed. It was contended at the bar of this Court that the entire charge in the indictment might be true and yet the defendant be guilty of no offense. This contention is not tenable because the indictment charges that the defendant did "rob, steal and take from the person," etc., etc. If the defendant was entitled to the possession then he was guilty neither of robbery nor of stealing from the person and he could show this fact in his defense on the trial.

The second assignment of error relied upon here challenges the sufficiency of the evidence of the identity of the accused. With the contention of the plaintiff in error in this respect we must agree and upon this point the judgment should be reversed upon authority of the opinion and judgment in the case of Croft v. State, filed in this Court on March 21, 1933, citing Nims v. State, 70 Fla. 530, 70

Sou. 565; and also upon authority of the opinion and judgment in the case of Clark v. State, 98 Fla. 874, 124 Sou. Rep, 446, which is directly in point and supported by authorities there cited.

The third ground upon which counsel contends for a reversal is based upon what appears in the record by the motion for new trial with affidavits supporting such motion and included in the bill of exceptions which allegations are not shown by the record to have been contraverted or denied.

By this part of the record it is shown that at the close of the testimony the State asked for an order discharging a co-defendant who was then sitting with this defendant in the trial. The order was granted and the County Solicitor then advised the co-defendant that he was discharged and might go. The co-defendant started to leave the court room and as he did so a deputy sheriff then acting for the Sheriff and being in charge of the jury and acting as executive officer of the court, stopped this co-defendant at the door and announced that the Sheriff of Hillsborough County had received a wire from Knoxville, Tennessee, to hold him, the co-defendant, and this plaintiff in error in custody for the Sheriff at Knoxville, Tennessee, on a charge there pending against them. And, thereupon, the deputy sheriff required the co-defendant to remain as he had been before in the court room. That all this happened in open court in the presence of the jury while the case was continuing to be tried against the plaintiff in error; that upon investigation it was found by a wire addressed to the Judge of the Criminal Court of Record from the Attorney General (which office is that of prosecutor of criminal courts in Tennessee) that the defendants were not wanted there and no request had been made to have them held.

It is further alleged that in truth and fact the Sheriff of Hillsborough County had received no such request and

that this improper and illegal conduct on the part of the deputy sheriff then in charge of the jury and officiating in the court was done for no other purpose than to prejudice the defendant in the minds of the jury. We may properly say, however, that there is no showing in the record that Sheriff Spencer of Hillsborough County had any personal knowledge of, or participated in, the proceeding referred to.

It is unnecessary for the record to show that the jury was prejudiced by such conduct on the part of court officials. Any reasonable person will be impressed immediately with the idea that such conduct was calculated to prejudice the jury against the defendant and it would have been entirely improper for this to have occurred in the presence of a jury even if there had been foundation in fact for the action of the deputy sheriff in holding the co-defendant, but when the record shows, without question or contradiction that there was no foundation in fact, but that it was a piece of "horse play" carried on in the court room by an officer of the court, though without the connivance of either the Prosecuting Attorney or Judge, it not only constituted an unlawful interference with the administration of justice to the prejudice of the defendant on trial, but was a flagrant contempt of the court in which it happened. To allow such travesties as this to occur in a court room is to defeat justice and to prostitute the forum where it was intended to be administered. If no other error appeared, this incident would be sufficient to vitiate the trial and upon this showing alone a new trial should have been granted.

For the reasons stated, the judgment should be reversed and it is so ordered.

Reversed.

WHITFIELD, P. J., and BROWN, J., concur.

DAVIS, C. J., and ELLIS and TERRELL, J. J., concur in the opinion and judgment.