TILLMAN PEARSON, Judge.
The appellant was found guilty after a non-jury trial of the charge of unlawful possession of marijuana in violation of the Florida Narcotic Drug Act. He appeals *707 the judgment and sentence of two years in the state prison.
The only point presented by the appellant is that the court erred in adjudging the defendant guilty on evidence which failed to establish his guilt beyond a reasonable doubt. The record reveals that appellant’s point is well-taken and we reverse.
■ The appellant was arrested by three police officers. Yet, only one of these officers testified at the trial. The State’s only other witness was the police chemist who testified as to the marijuana content of a package. The defendant testified in his own behalf..
The policeman and the defendant agree that the defendant was being interrogated about another crime when defendant was asked to produce identification papers. The policeman testified that the defendant broke away and ran to his car where he pulled the marijuana package from under the floor mat and dropped it on the street. The defendant testified he went to his car with the policemen and produced the identification and that nothing occurred relating to the alleged package nor was he informed of any such charge until he was taken to the police station.
The state is not bound to call all the witnesses who were present at the time of the alleged criminal act. Brown v. State, 91 Fla. 682, 108 So. 842. But in order to secure a judgment of guilty, the State must produce sufficient evidence to prove the guilt of the defendant to a moral certainty and beyond a reasonable doubt. Rivers v. State, 140 Fla. 487, 192 So. 190. Human liberty is jealously guarded by the law. McNeil v. State, 104 Fla. 360, 139 So. 791.
Reversed.