171 So.2d 893 (1965)
STATE of Florida, Petitioner,
v.
William SEBASTIAN, Respondent.
No. 33417.
Supreme Court of Florida.
February 17, 1965.
Earl Faircloth, Atty. Gen., Reeves Bowen, Asst. Atty. Gen., for petitioner.
Ellis S. Rubin, Miami Beach, for respondent.
HOBSON, Justice (Ret.).
An information was filed on June 1st, 1963, in the Criminal Court of Record of Dade County charging the respondent with the unlawful possession of marijuana. Upon arraignment the respondent entered a plea of not guilty. He waived trial by jury. Consequently, the case was tried before Judge Ben C. Willard.
Police Officer Piche testified that Sebastian had possession of a package, the *894 contents of which were established by chemical tests to be marijuana. The respondent, William Sebastian, denied that he had possession of said package. All other elements of the offense with which Sebastian was charged were established without contradiction.
Judge Willard, who was the trier of the facts, found the respondent guilty. Obviously he believed Officer Piche and disbelieved Sebastian.
Upon appeal to the District Court of Appeal, Third District, 162 So.2d 706, that Court reversed on the theory that the evidence was insufficient to sustain the conviction.
The aforementioned District Court certified to the Supreme Court of Florida that the decision which it had rendered in the instant case "passes upon a question * * * of great public interest." We agree with this determination and need not, therefore, discuss the suggestion made by counsel for the State that the decision of the District Court in the instant case also is in direct conflict with many prior decisions of the Supreme Court of Florida. We hold that this Court has jurisdiction to consider and determine the petition for writ of certiorari filed herein.
In a two-one decision, the District Court held that the evidence failed to establish the guilt of William Sebastian beyond a reasonable doubt. Judge Carroll in an able dissenting opinion disagreed with the majority and stated that "The police officer's testimony, if accepted as true by the trier of the facts [which it obviously was], was sufficient to sustain the judgment."
Counsel for respondent does not contend that it is necessary for the State to produce two or more witnesses at a trial in order to convict an accused but he insists that in this case the testimony of Officer Piche is legally insufficient to establish the guilt of his client to a moral certainty and beyond a reasonable doubt. He supports his assertion in a manner analogous to the reasoning which pervades the majority opinion filed in the District Court. Counsel states that the arresting police officer told the Trial Judge "We apprehended him and my partner took the Defendant back to the atore * * *" and "I opened the bag in the presence of my partner and Mr. Warren Stern at the drug store * * *." Counsel then opines in his brief, "thus indicating that the arresting officer was relying on the corroboration of `my partner and Mr. Warren Stern' to convince the Court of the truth of his testimony; yet these alleged corroborative witnesses (although sworn as witnesses before commencement of the Trial and waiting to testify) were not called by the State to either corroborate the arresting officer nor [sic] to rebut or contradict the testimony of the Defendant.
"Surely this Court [District Court] under the facts reflected in the Record showing any lack of corroboration to the arresting officer's testimony, was legally correct in discharging the Respondent herein."
The District Court in its opinion said: "The appellant was arrested by three police officers. Yet, only one of these officers testified at the trial. The State's only other witness was a police chemist who testified as to the marijuana content of a package. The defendant testified in his own behalf." The majority opinion concluded that the State did not produce sufficient evidence to prove the guilt of the defendant to a moral certainty and beyond a reasonable doubt.
This view is one which counsel for a defendant in a criminal case with facts similar to those depicted by this record might argue to the trier of the facts, judge or jury, for the purpose of persuading such trier of the facts to decide that the State had failed to prove the guilt of the defendant to a moral certainty and beyond every reasonable doubt. It is not, however, within the province of an appellate court to determine that the evidence produced by the *895 State was insufficient simply because there was but one prosecuting witness and his testimony was contradicted by the defendant.
Although the revised majority opinion does not so state it is quite evident that this decision could easily be taken as a holding that the State must produce more than one witness to a crime if the defendant contradicts the testimony given by only one prosecuting witness. This construction of the District Court's decision becomes more certain and impelling when the special concurring opinion filed by Judge Tillman Pearson is considered. He stated: "The State's one witness is not corroborated in any particular by an additional witness or physical circumstance. His evidence is no more reasonable than that of the defendant. The scales are evenly balanced; accordingly, the defendant must be discharged."
We have carefully considered the testimony of Officer Piche and have concluded that the view expressed by Judge Carroll in his dissent is eminently correct. The testimony of Officer Piche was undoubtedly believed by the trier of the facts and when coupled with the testimony of the chemist established the guilt of the defendant of the crime of possession of marijuana which was the charge lodged against him.
We know of no statute or case law in this jurisdiction which requires more than one witness in a criminal case nor do we believe it proper for an appellate court to reverse a conviction of guilt upon the basis of insufficiency of the State's evidence merely because the State produced but one witness and his testimony was contradicted by the defendant. Of course the testimony of the prosecuting witness must be sufficient to establish, if believed by the trier of facts, the guilt of the defendant to a moral certainty and beyond a reasonable doubt. Each element of the offense must be so proven. Before leaving this subject we are impelled to observe, however, that prosecuting officers should in a case wherein there is more than one arresting officer place each of said officers upon the witness stand.[1] This is appropriate for several reasons. In the first instance, it would eliminate conjecture as to why the State did not use as witnesses but one of the arresting officers; secondly, it would preclude defense counsel from using the argument heretofore suggested and which seemingly appealed quite strongly to the majority members of the District Court, and lastly, it would tend to strengthen public confidence in the integrity and purposefulness of those charged with enforcing our criminal laws in the interest of the common weal.
The decision of the District Court is quashed with directions that the judgment entered in this case by the Criminal Court of Record, Dade County, Florida, be reinstated.
It is so ordered.
ROBERTS, CALDWELL and ERVIN, JJ., concur.
DREW, C.J., dissents with opinion.
DREW, Chief Justice (dissenting):
I agree with the conclusion reached by a majority of the District Court that the State did not produce sufficient evidence to prove the guilt of the defendant to a moral certainty and beyond a reasonable doubt and I construe that result and the language used in reaching it to be the same as a direct holding that the evidence revealed by the complete record before *896 that appellate tribunal to be legally insufficient to sustain the conviction. One of the basic powers of an appellate court is to determine the legal sufficiency of the evidence to support a judgment.
I am further of the view that the statement contained in the majority opinion of this Court, viz. "We know of no statute or case law in this jurisdiction which requires more than one witness in a criminal case nor do we believe it proper for an appellate court to reverse a conviction of guilt upon the basis of insufficiency of the State's evidence merely because the State produced but one witness and his testimony was contradicted by the defendant" misses the real point in this case. The evidence clearly established the fact that other witnesses were present at the time of the arrest and witnessed the events related by the one officer who testified on which evidence the judgment of conviction must rest. The weakness of the State's case lies not in the fact that only one witness testified but in the fact that, in the absence of some logical explanation, the failure of the State to produce the corroborating testimony was an inference that such testimony, if presented, would be adverse to the State. This principle of evidence is firmly imbedded in the civil and criminal law of this country.[1]
The time honored requirement of the law that guilt of a criminal offense must be established beyond a reasonable doubt is a basic concept of English jurisprudence. Where evidence of the kind here involved is clearly available to the State with all its resources and facilities for producing it and it fails to do so, I do not think it is unreasonable to indulge in the presumption recognized by the law and quoted in the footnote that such evidence would be unfavorable to the State. The indulgence of this presumption in this case weakens the testimony of the sole officer who testified to such an extent that, in my judgment, the conclusion reached by the majority that the evidence was legally insufficient is clearly justified.
I, therefore, register these views as a dissent from the opinion of the majority directing that the judgment of conviction be reinstated.
NOTES
[1] We do not mean that if there should be a host of arresting officers whose testimony would be merely cumulative that each one should be required to testify. Our pronouncement herein is subject, of course, to the exercise of a sound judicial discretion by the trial judge.
[1] "It is well settled that if a party fails to produce the testimony of an available witness on a material issue in the cause, it may be inferred that his testimony, if presented, would be adverse to the party who fails to call the witness. This rule is supported, of course, by the cases adhering to the general rule which permits the jury to draw unfavorable inferences from the failure of a party to produce evidence which is properly a part of his case and within his control." 20 Am.Jur., Evidence, Sec. 187, p. 192.