KING, JAMES LAWRENCE, Associate Judge.
The appellant was found guilty, following a jury trial in the Criminal Court of Record of Dade County, of attempted grand larceny. In this appeal the appellant contends that the evidence produced by the State of the identity of the guilty party was insufficient to establish that he was the person who committed the crime.
The victim of the attempted larceny was returning from his daily visit to the bank when a tall, thick lipped colored man approached him in the street and attempted to snatch a cloth money bag from his grasp. The bag contained bills and change necessary for operation of the victim’s restaurant business. The businessman yelled to attract the attention of other people on the street and gave chase when the thief fled.
Nothing in the thief’s demeanor attracted the victim’s attention until the sudden attempt to grab the cloth bag. In the ensuing brief scuffle the businessman had limited opportunity to observe the colored man who attacked him and was unable to later describe the clothing worn by the man. During the unsuccessful chase the victim testified he could not see the face of his assailant and did not observe any other distinguishing characteristics which would identify the thief.
An eye-witness to the event, who was working on a bus nearby, heard the victim shout and saw a white man giving chase to the colored man. He did not see the thief’s face and was unable to identify this appellant as the perpetrator of the crime.
Several days later the victim visited police headquarters where he could make no positive identification from the photographs but selected the pictures of several persons as being possible suspects. At a subsequent police line-up the appellant, Walter Ross, was identified by the victim as the thief. The record is clear that prior to the police line-up the victim was unsure of the identity of his assailant.
During the course of the trial the State offered the testimony of the victimized businessman and the eye-witness on the issue of the identity of the guilty party. The appellant denied any involvement with the crime stating that he spent the day at the home of a friend.
Recognizing the well established rule that in criminal prosecutions a verdict of guilty will ordinarily not be disturbed where there are conflicts in the evidence of identification of a person charged with a crime, since such conflicts are for the jury to determine, Ray v. State, 159 Fla. 101, 31 So.2d 156, 172 A.L.R. 726, we are nevertheless of the view that the evidence in the case at bar is not legally sufficient, substantial or reasonable to identify the appellant as the perpetrator of the crime for which he was convicted.
In each case where the courts have held the proof sufficient to establish the identity of the person charged, the victim had ample time, occasion and opportunity to make careful observation of the identified criminal, Ray v. State, supra; Harris v. State, 129 Fla. 733, 177 So. 187; Chastain v. State, 136 Fla. 388, 189 So. 49. Generally, the victim has an opportunity to observe the features, voice, mannerisms and demeanor of the identified assailant so as to be able to isolate the person identified in their mind and memory with sufficient clarity to make subsequent positive identification.
*189 Where evidence of identity is unsatisfactory, the convictions have been reversed upon the ground that the prosecution must prove identity beyond a reasonable doubt just as they would be required to prove the various elements of the offense charged. 13 Fla.Jur. “Evidence” Sec. 438; Platt v. State, 65 Fla. 253, 61 So, 502; Anderson v. State, 92 Fla. 477, 110 So. 250; Clark v. State, 98 Fla. 874, 124 So. 446; Fuller v. State, 92 Fla. 873, 110 So. 528; McNeil v. State, 104 Fla. 360, 139 So. 791.
Accordingly, the judgment appealed is reversed and the cause remanded for a new trial.