PER CURIAM.
The appellants were convicted of robbery in the Criminal Court of Record in and for Dade County after a non-jury trial. They were jointly tried and have jointly prosecuted this appeal. The sole question presented is the sufficiency of the evidence as to the identification of the appellants as the persons who committed the crime.
The appellants rely for reversal upon Ross v. State, Fla.App.1966, 190 So.2d 187 and cases cited therein. On that appeal this Court held the evidence of identity insufficient to prove identity beyond a reasonable doubt. The decision recognized the rule that in criminal prosecutions, a verdict of guilty will ordinarily not be disturbed where there are conflicts in the evidence as to the identification of the person charged with the crime, since such conflicts are for the jury to determine. Ray v. State, 159 Fla. 101, 31 So.2d 156, 172 A.L.R. 726. The decision applied an exception to the rule which is that where the record demonstrates that the identification witness or witnesses did not have a sufficient opportunity to observe the features, voice, mannerisms or demeanor of the defendant, an appellate court may reverse upon a holding that the evidence is insufficient.
The facts of this case fall within the general rule and not the exception. The record reveals that the victim who identified the appellants had an opportunity and did observe them for some time prior to the assault and robbery.
Affirmed.