255 So.2d 298 (1971)
Lawrence Univester HARGRETT, Appellant,
v.
The STATE of Florida, Appellee.
No. 71-272.
District Court of Appeal of Florida, Third District.
December 7, 1971.
Rehearing Denied December 21, 1971.
*299 Manners & Amoon, Miami, and Harold Mendelow, Tallahassee, for appellant.
Robert L. Shevin, Atty. Gen., and Joseph P. DeLucca, Asst. Atty. Gen., for appellee.
Before PEARSON, HENDRY and BARKDULL, JJ.
PEARSON, Judge.
The appellant, Lawrence Univester Hargrett, was indicted for first degree murder. The indictment specified that the homicide was contrary to F.S. § 782.04, F.S.A., which is the felony-murder statute. Appellant pleaded not guilty; was tried before a jury which found him guilty of first degree murder and made a recommendation for mercy. Appellant was adjudicated guilty and sentenced to life imprisonment. This appeal follows.
On this appeal, appellant presents three points upon which he urges reversal of the judgment and sentence against him. First, it is urged that the evidence as to his identity as the perpetrator of the crime is insufficient. Second, it is urged that although there was no evidence that appellant fled, the court erroneously gave, over the objection of appellant, an instruction as to the weight the jury could give to the flight of a defendant. The third point urges that the trial court erred in failing to dismiss the indictment upon the motion of appellant.
The jury found that the appellant, during a robbery of a commercial establishment known as "Winky's", killed William Bain, Jr., who was an armoured truck guard. During this same robbery the state's chief witness, Willie Joe Mack, was shot in the arm. Willie Joe Mack was employed as a security guard for "Winky's." It is clear from the record that only the testimony of the witness Mack identified the defendant as a participant in the robbery. The weight of the testimony of the witness Mack is seriously reduced by his statements the day after the shooting that he did not see the man who did the shooting and, "I didn't see anything." Nevertheless, prior to trial and at the trial the witness Mack fully and definitely identified the defendant as one of the robbers.
Appellant's first point as to the sufficiency of the evidence to identify him as the perpetrator of the crime does not present reversible error in view of the holding of the Supreme Court of Florida in State v. Sebastian, Fla. 1965, 171 So.2d 893. See also Loprince v. State, Fla.App. 1969, 218 So.2d 212; Wright v. State, Fla.App. 1966, 182 So.2d 264. In Sebastian, supra, the supreme court held:
"We know of no statute or case law in this jurisdiction which requires more than one witness in a criminal case nor do we believe it proper for an appellate court to reverse a conviction of guilt upon the basis of insufficiency of the State's evidence merely because the State produced but one witness and his testimony was contradicted by the defendant."
Appellant's second point claiming error upon giving of the instruction as to flight[1] is predicated upon his assertion that *300 there is no evidence of flight. There was evidence that the appellant was in Miami prior to the crime, could not be found in Miami after the crime and was apprehended two weeks after the crime in Ocala, Florida. The evidence was sufficient to take the issue to the jury of whether appellant fled after the crime and the court properly instructed thereon.
Appellant's third point attempts to raise a constitutional question. He argues that the indictment did not adequately inform the appellant of the charge against him and that therefore appellant's trial upon the indictment was a violation of due process. This point was not raised in the trial court and therefore will not be considered here. The only ruling of the trial court referred to is the court's ruling upon a motion to dismiss the indictment. Only one ground on the motion to dismiss could have any application to the argument now made. That ground alleges as follows:
* * * * * *
"That Section 782.04, Florida Statutes, permits a conviction of first degree murder when a homicide is committed in the perpetration of certain enumerated felonies and that particular clause of the said Section is written in the disjunctive. Accordingly, this indictment, as stated, only permits the State to prove the unlawful killing of a human being as being perpetrated from a premeditated design to effect the death of the said individual killed. If the State intends to proceed under the felony-murder rule, then this indictment is faulty and should be dismissed."
* * * * * *
It is clearly apparent that the import of the ground for dismissal urged in the trial court is not that now urged in this court. In addition, the law is well established against appellant's contention. See Barton v. State, Fla.App. 1966, 193 So.2d 618; Southworth v. State, 98 Fla. 1184, 125 So. 345 (1929); Sloan v. State, 70 Fla. 163, 69 So. 871 (1915).
Having examined the points presented and finding that they do not present reversible error, the judgment and sentence are affirmed.
Affirmed.
NOTES
[1] "Ladies and gentlemen of the jury, if you find that the defendant fled to escape or evade apprehension, then you may consider the same in determining the guilt or innocence of the defendant, as this tends to show the probability of the defendant being the guilty person."