PER CURIAM.
The appellant, Lonnie Brookins, was convicted for possession of a controlled substance (heroin). His contention on this ap-. peal is that the trial court erred in denying his motion for a new trial, based on the fact that the only testimony against him was that of the arresting police officer, who was the same police officer who bought the heroin. It is the appellant’s contention that he was not the one who sold the heroin to the police officer but that, in fact, it was his cousin who made the sale. The arresting officer testified that the appellant, whom he identified in court, was the same person who made the sale of narcotics to him. The officer’s testimony was buttressed by the testimony of another police officer who had carried out a surveillance in front of the appellant’s residence at the time of the sale. Based on the record before us, we find that the appellant’s arguments are without merit. See State v. Sebastian, 171 So.2d 893 (Fla.1965). See also Singleton v. State, 315 So.2d 506 (Fla.3d DCA 1975); Dilberth v. State, 267 So.2d 661 (Fla.3d DCA 1972); and Hargrett v. State, 255 So.2d 298 (Fla. 3d DCA 1971).
Affirmed.