PER CURIAM.
Victor Yuanis seeks reversal of his conviction for robbery, false imprisonment and kidnapping following a non-jury trial and contends that the evidence as to his identity as the perpetrator of the crimes is insufficient, at best tenuous.
Defendant Yuanis relying upon Ross v. State, 190 So.2d 187 (Fla.3d DCA 1966) argues that the victim who identified him as the perpetrator of the crime did not have a sufficient opportunity to observe the features, voice, mannerisms or demeanor of his assailant to make a subsequent positive identification. Moreover, the evidence of identity was unsatisfactory as the victim’s identification testimony was largely uncorroborated and contradicted by the witnesses presented by the defendant.
Contrary to the contention of the defendant, the record demonstrates that the victim had ample opportunity to observe his assailant and made a positive identification of the defendant with respect thereto. Further, the defendant testified that he was, in fact, at the scene of the crime.
This case is controlled by the following holding in State v. Sebastian, 171 So.2d 893, 895 (Fla.1965):
“[4] We know of no statute or case law in this jurisdiction which requires more than one witness in a criminal case nor do we believe it proper for an appellant court to reverse a conviction of guilt upon the basis of insufficiency of the State’s evidence merely because the State produced but one witness and his testimony was contradicted by the defendant
There being conflicts in the evidence as to the identification of the defendant as being the perpetrator of the crime, the duty devolved upon the trier of the facts, in the instant case the trial judge, to resolve the conflict. See Taylor v. State, 199 So.2d 517 (Fla.3d DCA 1967). On this identity issue the record contains substantial competent evidence to support the guilty verdict and, therefore, we will not disturb the convictions on appeal. Cf. Taylor, supra; Jenkins v. State, 211 So.2d 242 *449 (Fla.3d DCA 1968); Hargrett v. State, 255 So.2d 298 (Fla.3d DCA 1971).
Affirmed.