354 So.2d 409 (1978)
Richard Lee SUNDELL, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-564.
District Court of Appeal of Florida, Third District.
January 17, 1978.
Rehearing Denied February 17, 1978.
Richard R. Snyder, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Margarita G. Esquiroz, Asst. Atty. Gen., and Robert Kent Burlington, Legal Intern, for appellee.
Before HUBBART and KEHOE, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
*410 HUBBART, Judge.
The defendant Richard Lee Sundell appeals from a judgment of conviction for robbery and a twenty-five year sentence entered thereon after a finding of guilt in a non-jury trial before the Circuit Court for the Eleventh Judicial Circuit of Florida. The defendant contends on appeal that the evidence is insufficient to support the robbery conviction herein and that the case should be reversed and remanded for a new trial. Our review of the record reveals that the defendant made no motion for a judgment of acquittal and no post-trial motion for a new trial in the trial court. Accordingly, we affirm.
The law of this state is well-settled that unless the issue of sufficiency of the evidence to support a verdict in a criminal case is first presented to the trial court by way of a motion for judgment of acquittal or motion for new trial, the issue is not reviewable on direct appeal from an adverse judgment. The same rule obtains notwithstanding a claim on appeal, as is true in this case, that trial counsel was inadequate or incompetent in failing to make the appropriate trial or post-trial motions. There is only one exception to this rule: the Supreme Court of Florida in a capital case in which the death sentence has been imposed is empowered to make an independent review of record to determine whether the evidence is sufficient to support the verdict regardless of whether the issue was presented to the trial court by proper motion. Tibbs v. State, 337 So.2d 788 (Fla. 1976); State v. Barber, 301 So.2d 7 (Fla. 1974); Mancini v. State, 273 So.2d 371 (Fla. 1973); § 921.141(4), Florida Statutes (1975).
Measured by these established standards, it is clear that this court has no power to entertain the defendant's contention that the evidence is insufficient to support the verdict because it was never presented to the trial court by appropriate motion. We are without authority to entertain the issue for the first time on appeal in this non-capital case.
The defendant's reliance on Tibbs v. State, 337 So.2d 788 (Fla. 1976), and Platt v. State, 65 Fla. 253, 61 So. 502 (1913) is misplaced. In both cases, the defendant was convicted of a capital crime and sentenced to death. As such, appropriate motions in the trial court attacking the sufficiency of the evidence to support the verdict were not required in order to raise the issue for the first time on appeal. Nor is Nims v. State, 70 Fla. 530, 70 So. 565 (1915), in point because there the defendant made an appropriate motion for new trial which was denied by the trial court, thus preserving the sufficiency question for appeal. And implicit in the decisions of McNeil v. State, 104 Fla. 360, 139 So. 791 (1932); Clark v. State, 98 Fla. 874, 124 So. 446 (1929); Fuller v. State, 92 Fla. 873, 110 So. 528 (1926); Ross v. State, 190 So.2d 187 (Fla. 3d DCA 1966), is that appropriate motions were made at the trial level preserving the sufficiency question for appeal.
We are not unmindful of the admonition that rules of procedure essential to administer justice should never be permitted to become so technical, fossilized and antiquated that they obscure the justice of the cause and lead to results that bring its administration into disrepute. In re Estate of Gottschalk, 143 Fla. 371, 196 So. 844 (1940). When one is faced with a sentence to the penitentiary for a crime he did not commit, his conviction being due solely to mistaken identity, the law should not quibble over trifles in providing a formula to correct the injustice. Ex Parte Welles, 53 So.2d 708, 711 (Fla. 1951). If in fact the defendant has any recognized ground for post-conviction relief under Fla.R.Crim.P. 3.850, that avenue is still open to him. See: Ex Parte Welles, 53 So.2d 708 (Fla. 1951); State v. Pitts, 241 So.2d 399, 413-14 (Fla. 1st DCA 1970), vacated 247 So.2d 53 (Fla. 1971), on remand 249 So.2d 47 (Fla. 1st DCA 1971); Grant v. State, 166 So.2d 503, 504 (Fla. 2d DCA 1964); Fla.R.Crim.P. 3.850.
Affirmed.