370 So.2d 386 (1979)
STATE of Florida, Appellant,
v.
Delbert Lee TIBBS, Appellee.
No. 78-1598.
District Court of Appeal of Florida, Second District.
March 28, 1979.
Rehearing Denied April 25, 1979.
Jim Smith, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellant.
Louis R. Beller, Miami Beach, and Jerry Paul, Durham, N.C., for appellee.
BOARDMAN, Judge.
Appellee Tibbs' original conviction for rape and first-degree murder was reversed for a new trial by the Supreme Court of Florida. Tibbs v. State, 337 So.2d 788 (Fla. 1976). On remand the trial court concluded that to retry Tibbs would violate the double jeopardy clause of the fifth amendment to the United States Constitution and, therefore, granted his motion to dismiss the indictment against him. This appeal followed timely. We reverse.
The applicable law at the time the supreme court's decision was rendered was that where a defendant successfully sought reversal of a conviction, there was no double jeopardy upon a new trial. See Forman v. United States, 361 U.S. 416, 80 S.Ct. 481, 4 L.Ed.2d 412 (1960); Bryan v. United States, 338 U.S. 552, 70 S.Ct. 317, 94 L.Ed. 335 (1950). However, in June of last year, the United States Supreme Court held in two separate cases that where an appellate court reverses a conviction solely on the ground of insufficiency of the evidence, the double jeopardy clause prohibits retrial. *387 Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). That rule was applied to the states in Greene v. Massey, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), a case arising from a Florida prosecution.
However, because of the varying interpretations that could be placed on the Florida Supreme Court's opinion reversing Greene's conviction, reported as Sosa v. State, 215 So.2d 736 (Fla. 1968), the United States Supreme Court did not discharge defendant Greene, but remanded the case to the United States Circuit Court of Appeals for reconsideration in light of its opinions rendered in Greene and Burks. At this writing Greene is still pending before the Fifth Circuit.
The sole point on this appeal is whether the principles enunciated in Greene and Burks bar reprosecution of appellee on the ground of double jeopardy. Based upon careful review of the complete record, including the briefs filed by the attorneys for the parties, we answer the point in the negative.
Our supreme court has reversed a number of convictions where it found the weight of the evidence to be insubstantial, although not technically insufficient. For instance, in the case of Williams v. State, 58 Fla. 138, 50 So. 749 (1909), the Supreme Court of Florida weighed the evidence against the three defendants and concluded that the evidence strongly indicated that the jury must have been influenced by considerations outside the evidence as to two of the defendants. Significantly, the court went on to hold that while the evidence appeared to support the verdict as to the third defendant, reversal of the codefendants' convictions required a new trial for the third defendant as well to meet the "ends of justice."
In McNeil v. State, 104 Fla. 360, 139 So. 791 (1932), the court pointed to the serious nature of the penalty (life imprisonment) and ordered a new trial where although there was direct evidence identifying the defendant as the perpetrator of the crime, this evidence was "not satisfactory to the appellate court." 139 So. at 792. In Woodward v. State, 113 Fla. 301, 151 So. 509 (1933), the court, pointing to the weakness of the evidence, reversed the conviction and remanded for a new trial by another jury in order to serve the "ends of justice."
In Skiff v. State, 107 Fla. 90, 144 So. 323 (1932), the supreme court found that the evidence as to the previous chaste character of the victim was unconvincing and held that justice demanded a new trial. In Fuller v. State, 92 Fla. 873, 110 So. 528 (1926) the supreme court awarded a new trial on the ground that while there was some evidence pointing to the defendant as the guilty party, the evidence of identity taken as a whole was such that it was "considered just and right that another jury should pass upon the issues made." See also Nims v. State, 70 Fla. 530, 70 So. 565 (1915).
Perhaps the most succinct statement of this standard of review is: "Where the evidence is sufficient to sustain the verdict a new trial should not be granted unless it is clear that injustice will result if not granted." State v. Coles, 91 So.2d 200 at 202 (Fla. 1956). This standard of review was recognized by this court in Sosa v. Maxwell, 234 So.2d 690 (Fla.2d DCA 1970), cert. denied, 240 So.2d 640 (Fla. 1970), cert. denied, 402 U.S. 951, 91 S.Ct. 1635, 29 L.Ed.2d 121 (1971). After the Supreme Court reversed the convictions of Greene and Sosa and remanded for new trial, the defendants filed in this court a suggestion for writ of prohibition seeking to prohibit a retrial for murder in the first degree. In denying relief the court stated:
Indeed, it would constitute an anomaly in law if an appellate court could not reverse and remand for a new trial if it was of the opinion that the evidence, while legally sufficient to support the jury's verdict, was so far from convincing as to require a new trial in the interest of justice.
Id. at 692.
In Lowe v. State, 154 Fla. 730, 737, 19 So.2d 106, 110 (1944), where the only evidence of the defendant's guilt of the rape charge came from the victim's testimony, in reversing and remanding for a new trial, our supreme court stated:

*388 We have held in many cases if, after a full and careful consideration of the entire record, the ends of justice will be best subserved in granting a new trial because of the inconclusiveness of the testimony offered to establish the essential facts necessary to constitute the crime, then, and under these conditions and circumstances, it becomes the duty of this Court to reverse the cause for a new trial.
In the instant case, where the only testimony against Tibbs was that of a former cellmate, who testified that Tibbs had admitted the charged crimes, and that of the rape victim who testified that Tibbs was her assailant, the Florida Supreme Court examined the credibility of the witnesses in light of the remaining evidence and concluded: "Rather than risk the very real possibility that Tibbs had nothing to do with these crimes, we reverse his conviction and remand for a new trial." 337 So.2d at 791.
We are aware of Justice Boyd's specially concurring opinion in Tibbs in which is stated: "I base this conclusion [vacating the conviction and sentence and requiring a new trial] upon the weakness and inadequacy of the testimony against appellant given in the trial court." 337 So.2d at 792. This statement notwithstanding, we believe that the other members of the court who joined in the majority opinion reviewed the entire record, as they are mandated to do by statute,[1] and undertook to determine whether the testimony of the victim of the rape and Tibbs' cellmate was believable and substantial in character. The majority concluded that their testimony was not believable and not substantial in character. In our judgment the court was considering the weight of this testimony and not its technical sufficiency. The concluding language of the opinion set out previously tends to indicate to us that the reversal was ordered "in the interests of justice" rather than on the basis that the evidence was totally and completely insufficient to support Tibbs' conviction of first-degree murder and rape. Had the court intended to predicate its ruling on the ground of the insufficiency of the evidence it could have and we think it would have so stated. Former Chief Justice Roberts writing the dissenting opinion which was concurred in by two other justices of the Tibbs' court stated that "no reversible error is made to appear and the evidence in the record before us does not reveal that the ends of justice require that a new trial be awarded." (Emphasis supplied). 337 So.2d 796-97.
We hold that Tibbs may be retried for the offenses for which he was convicted and that the double jeopardy clause of the fifth amendment would not in this case bar a second prosecution. The reversal of his conviction was not on the basis of pure insufficiency of the evidence but rather was bottomed upon the majority's view that the evidence was inherently weak and seriously contradicted, and that Tibbs should be accorded the opportunity to be tried before another jury in the interest or ends of justice. Therefore, we do not believe that the decisions of the United States Supreme Court rendered in Greene v. Massey and Burks v. United States require that this court affirm the ruling of the trial court granting Tibbs' motion to dismiss the indictment. Accordingly, we reverse the trial court's order granting Tibbs' motion to dismiss, and we remand for further proceedings.
REVERSED and REMANDED.
GRIMES, C.J., and RYDER, J., concur.

ON PETITION FOR REHEARING
BOARDMAN, Judge.
We have reconsidered this case in light of the recent Supreme Court of Florida case McArthur v. Nourse, 369 So.2d 578 (Fla. 1979). In McArthur the court held that where the evidence is legally insufficient to support a guilty verdict, retrial of the defendant *389 is prohibited by the fifth amendment.
McArthur is not on point. In that case the conviction was clearly reversed for insufficiency of evidence. In the case before us the rationale for reversal of the conviction was weight of the evidence. The supreme court stated in McArthur that "[w]e specifically decline to rule upon the double jeopardy implications of appellate reversals based upon considerations of evidentiary weight." McArthur, supra, at 581, n. 11.
Petition for rehearing DENIED.
GRIMES, C.J. and RYDER, J., concur.
NOTES
[1] "Under Section 921.141(14), Florida Statutes (1975), and Fla.App. Rule 6.16(b), it is our obligation to review a conviction for which the death sentence has been imposed to determine if the interests of justice require a new trial." Tibbs v. State, 337 So.2d 788, 790 (Fla. 1976).