HUBBART, Judge
(dissenting).
I must respectfully dissent. In my view, the state’s evidence at trial was unsatisfactory concerning the identity of the defendant as the perpetrator of the two robberies for which he was convicted in the trial court. I would, accordingly, reverse the convictions under review and remand the cause for a new trial based on the authority of Clark v. State, 98 Fla. 874, 124 So. 446 (1929), and Ross v. State, 190 So.2d 187 (Fla. 3d DCA 1966).
My conclusion in this respect is supported by the results of a polygraph examination administered to the defendant subsequent to trial which indicated that the defendant was innocent of the robberies for which he stands convicted. This disturbing evidence was, in my view, properly admitted by the trial court at the hearing on the motion for new trial as the state and the defense stipulated, in effect, to its admissibility. Codie v. State, 313 So.2d 754 (Fla.1975); State v. Brown, 177 So.2d 532 (Fla. 2d DCA 1965). The state’s initial attempt to limit such evidence to sentencing made no sense, as the trial court properly observed, and thereafter the state acquiesced without objection to the admission of such evidence on the motion for new trial.
We witness, I am afraid, another probable miscarriage of justice based on the mistaken eye witness identification of a stranger by the victim of a violent crime. This is not the first such instance of injustice in this country and is unlikely to be the last. E. Borchard, Convicting the Innocent 367 (1932); Wigmore, Science of Judicial Proof §§ 250-254 (3d ed. 1937); J. Frank & B. Frank, Not Guilty 61-63 (1957).
*1313 I would reverse and remand for a new trial.