492 So.2d 1155 (1986)
Allangson BRUNSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 85-2717.
District Court of Appeal of Florida, Third District.
August 12, 1986.
*1156 Bennett H. Brummer, Public Defender, and Sharon B. Jacobs, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Nancy C. Wear, Asst. Atty. Gen., for appellee.
Before HUBBART and NESBITT and FERGUSON, JJ.
PER CURIAM.
The defendant Allangson Brunson appeals his convictions and sentences for armed burglary of an occupied structure and sexual battery with a weapon. He raises four points on appeal.
First, he claims the trial court erred in admitting a statement of the rape victim shortly after the victim was raped. We disagree. The statement was admissible under the excited utterance exception to the hearsay rule. Appell v. State, 250 So.2d 318 (Fla. 4th DCA), cert. denied, 257 So.2d 257 (Fla. 1971); § 90.803(1), Fla. Stat. (1985). Second, he claims that the trial court committed reversible error in restricting the voir dire examination of a state fingerprint expert and in admitting his testimony. We disagree. The limitation on the voir dire examination was plainly within the trial court's discretion, and the testimony was admissible as relevant opinion testimony from a fully qualified fingerprint expert. Johnson v. State, 393 So.2d 1069 (Fla. 1980), cert. denied, 454 U.S. 882, 102 S.Ct. 364, 70 L.Ed.2d 191 (1981). Third, he claims that the evidence was insufficient to support the verdict. We disagree. The testimony adduced below sufficiently establishes the identity of the defendant as the assailant in this case. See Clark v. State, 122 Fla. 310, 310-11, 165 So. 44, 45 (1936); McClendon v. State, 372 So.2d 1161, 1162 (Fla. 1st DCA 1979); Yuanis v. State, 347 So.2d 448, 448 (Fla. 3d DCA 1977); accord Carrasco v. State, 470 So.2d 858, 860 (Fla. 1st DCA 1985).
The final point raised presents reversible error. The trial court departed from the sentencing guidelines in this case and sentenced the defendant to two consecutive life sentences. Plainly, two of the reasons given by the trial court for departing from the guidelines were invalid reasons, regardless of any support in the record for same, to wit: (1) the defendant's prior criminal history of assaultive behavior, see Hendrix v. State, 475 So.2d 1218 (Fla. 1985); Battles v. State, 482 So.2d 540 (Fla. 3d DCA 1986); and (2) the defendant's lack of remorse for having committed the offense for which he was sentenced. Hunt v. State, 468 So.2d 1100 (Fla. 1st DCA 1985); Mischler v. State, 458 So.2d 37 (Fla. 4th DCA 1984), approved, 488 So.2d 523 (Fla. 1986); Hubler v. State, 458 So.2d 350 (Fla. 1st DCA 1984). The third reason, psychological injury to the victim  although a valid reason for departing from the guidelines providing there is a proper showing in the record that the victim has, in fact, suffered a substantial psychological injury  was not a valid reason for departure *1157 in this case. This is so because there is an insufficient showing in the record that the victim in this case suffered a substantial psychological injury. Hankey v. State, 485 So.2d 827 (Fla. 1986). All three reasons, then, given by the trial court for departing from the sentencing guidelines herein were insufficient to justify the said departure.
The judgments of conviction under review are affirmed; the sentences under review are reversed and the cause is remanded to the trial court for resentencing within the sentencing guidelines.
Affirmed in part; reversed in part.