## PASTERNAK, et al. v SLATON
Case No. 88-08376
Eleventh Judicial Circuit, Dade County
July 18, 1989

### APPEARANCES OF COUNSEL
**Russell M. Hayson,** for plaintiffs
**Heather McNamara Ruda,** for defendants

### OPINION OF THE COURT
PHILIP BLOOM, Circuit Judge.

*ORDER OF FINAL SUMMARY JUDGMENT FOR DEFENDANT*

THIS CAUSE having come before the court on defendant's Motion for Summary Judgment, and the court having considered the pleadings, affidavits, and discovery of record and having heard argument of counsel, it is hereby

ORDERED AND ADJUDGED as follows:

1. Defendant's Motion for Summary Judgment is granted.

2. As the final disposition of this case, the plaintiffs shall take and recover nothing from the defendant, GEORGE C. SLATON.

3. At the summary judgment hearing, plaintiffs' attorney submitted an affidavit of a non-party in opposition to defendant's Motion for Summary Judgment. This affidavit was not served on defendant prior to the day of the summary judgment hearing and was untimely. Based on its untimely filing, defendant's counsel moved to strike the affidavit. However, the court allowed the filing of the affidavit and considered it in granting defendant's Motion for Summary Judgment, although it was noted that it was an affidavit of a non-party and failed to create any issue of material fact.

4. The Court finds that the defendant, GEORGE C. SLATON, prepared an appraisal, in March of 1983, on a condominium located at 1600 Northeast 114th Street, Unit 209, North Miami, Florida. This appraisal was prepared for Royal Trust Bank, which was the holder of a mortgage on the appraised premises. This appraisal valued the condominium unit at $100,000. In May of 1983, Lee Brook, the owner of the appraised premises, gave a mortgage on the premises to U. S. Mortgage Company and satisfied the mortgage with Royal Trust Bank. U. S. Mortgage Company subsequently assigned this mortgage to AmeriFinance Mortgage Company on June 14, 1983. AmeriFinance then assigned its mortgage, in a series of transactions starting in June and ending in August of 1983, to the plaintiffs in the action herein. The plaintiffs did not contact defendant regarding his appraisal, nor did they pay him for it. Plaintiffs allege, in their complaint, that due to defendant's negligence and fraud in preparing the March, 1983, appraisal, they suffered a loss when they foreclosed the mortgage they were holding on the condominium unit. The facts as cited herein are not disputed and the court finds that there is no material issue of fact present in this case and that summary judgment in favor of defendant is proper.

5. As to the count based on fraud, the Court finds that the plaintiffs allege no facts supporting their allegations of deceit on the part of George C. Slaton in preparing the appraisal and reliance on the appraisal by the plaintiffs, nor have the plaintiffs come forward with discovery or affidavits supplying these facts. An action for fraud is personal in nature to the one defrauded. *Putzer v Homeridge Properties,* 57 So.2d 848 (Fla. 1952). Since it is clear that the plaintiffs had no interest in the property at the time of the appraisal and were in fact remote parties in the chain of title and in time, there is no material issue of fact as to whether the plaintiffs had an interest in the property at the time the appraisal was prepared. Therefore, any allegedly false appraisal would have been directed only at the parties having an interest at that time, these parties being Royal Trust Bank and Lee

162

Brook. Any fraud that took place would have been directed at these parties only. Since a cause for a case of fraud is personal in nature, plaintiffs lack standing to assert this cause of action, and, as a matter of law summary judgment is proper on this issue.

6. As to the negligence count, the court finds the case of *Gordon v Etue, Wardlaw & Co.,* 511 So.2d 384 (Fla. 1st DCA 1987), instructive. In *Gordon,* the First District Court of Appeal held that third parties not in privity with an accountant could get no relief for a breach of due care by the accountant. To hold otherwise would, in the words of Justice Cardozo in the seminal case of *Ultramares Corp. v Taiche,* 255 N.Y. 170, 174 N.E. 441 (1931), expose accountants to liability "in an indeterminate amount for an indeterminate time to an indeterminate class." This court also finds instruction in the cases of *First American Title Co. v First Title Services Co.,* 457 So.2d 766 (Fla. 1984). These cases hold that the preparer of an abstract of title is liable to a person not in privity with him only if the abstract of title is prepared with the knowledge, or under conditions in which the abstracters should reasonably expect that a third party will use it. However, in the *Abstract Corp.* case, the Florida Supreme Court held that for a negligence action by a subsequent user of the abstract to survive, the complaint must allege that the abstract was prepared with the actual or constructive knowledge of its intended use by the plaintiff. The Court finds that the plaintiffs have failed to meet their burden of alleging and showing; (1) any privity of contract existed between plaintiffs and defendant, and (2) that the defendant, GEORGE C. SLATON, knew or should have known that the plaintiffs would use and rely upon his appraisal and that summary judgment on this issue is proper.

7. Therefore, as a matter of law, plaintiffs have failed to demonstrate by pleading or by affidavit that there is a genuine issue of material fact which would give rise to a sustainable cause of action for negligence or fraud. *Landers v Milton,* 370 So.2d 386 (Fla. 1979). Accordingly, the court finds that summary judgment in favor of defendant is proper.

8. The Court reserves jurisdiction to assess taxable costs, if any.

DONE AND ORDERED in chambers in Miami, Dade County, Florida, this 18th day of July, 1989.