413 So.2d 756 (1982)
Stephen Todd BOOKER, Appellant,
v.
STATE of Florida, Appellee.
No. 61947.
Supreme Court of Florida.
April 19, 1982.
Stephen N. Bernstein, Gainesville, for appellant.
Jim Smith, Atty. Gen., and Raymond L. Marky and Lawrence A. Kaden, Asst. Attys. Gen., Tallahassee, for appellee.
ADKINS, Justice.
We have for review an order denying a motion to vacate and set aside judgment and sentence or in the alternative for a new trial. Defendant, Stephen Todd Booker (hereinafter defendant), was convicted of first-degree murder and sentenced to death. This Court affirmed both the judgment and the sentence. Booker v. State, 397 So.2d 910 (Fla. 1980). Defendant then filed, pursuant to Rules 3.600 and 3.850, Florida Rules of Criminal Procedure, the abovementioned motion which was denied without an evidentiary hearing. We have jurisdiction to hear the appeal of that denial. Art. V, § 3(b)(1), Fla. Const.
The only question presented on this appeal relates to certain "new revelations" which defendant contends reach the guiltphase issue of whether he was sane at the time of the killing and the penalty-phase matter of mitigating circumstances. The new revelations consist of findings by a psychiatrist which indicate that defendant was suffering from psychiatric diseases at the time of the murder in question. The findings are based on the same information on which the medical testimony presented at trial was based, but result in "significantly different" conclusions. Defendant contends that if the psychiatrist could establish that defendant was so afflicted, the court's decision could be seriously affected. *757 Thus, he argues, justice requires a new proceeding in which he may submit the "newly discovered evidence." We disagree.
"The appropriate first step for a defendant seeking a new trial on the basis of new evidence discovered after his conviction has been affirmed on appeal is a petition to the appellate court for leave to file a petition for error coram nobis." Smith v. State, 400 So.2d 956 (Fla. 1981). Thus, if the latest psychiatric evaluation is newly discovered evidence, then defendant should have sought leave to file a petition for error coram nobis.
For the foregoing reason the grounds alleged in the motion for post-conviction relief were not proper for consideration therein. Hence, the motion was legally insufficient and did not require that the trial judge attach specific portions of the record or grant an evidentiary hearing. We find that the denial of defendant's motion by the trial court was proper and the order so doing is hereby affirmed.
Also considering this as a petition for writ of error coram nobis, the foregoing is only academic, however, because the "newly discovered evidence" is not that at all. It is a new interpretation of facts that were known and considered at trial. Defendant's motion to the trial court specifically notes that the new and different psychiatric conclusions were based on the same information as the psychiatric reports introduced at trial and on an interview with defendant. No new information was discovered  a doctor has simply been found who draws different conclusions.
If "evidence" such as that offered here is found to warrant a new proceeding, there will be no end to the appeal process. The finality of the judicial process would be nil if a new proceeding was required everytime a party found an expert who reached a conclusion, with regard to information available at the time of trial, that differed from the opinions and conclusions presented at that trial. There must be a point at which the proceeding is concluded and the matter is settled. Furthermore, having reviewed the allegations in defendant's motion to the trial court, we do not think that the newest report is of sufficient import to have changed the outcome of the trial. Consequently, writ of error coram nobis is not available.
The application for stay of execution is denied. No petition for rehearing will be entertained.
It is so ordered.
SUNDBERG, C.J., and BOYD, OVERTON, ALDERMAN, McDONALD and EHRLICH, JJ., concur.