420 So.2d 583 (1982)
Nollie Lee MARTIN, Appellant,
v.
STATE of Florida, Appellee.
No. 55716.
Supreme Court of Florida.
September 9, 1982.
Rehearing Denied November 4, 1982.
Richard L. Jorandby, Public Defender, and Jerry L. Schwarz and Jon May, Asst. Public Defenders, Fifteenth Judicial Circuit, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., and Robert L. Bogen, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Nollie Lee Martin was convicted of murder in the first degree of Patricia Greenfield. The jury recommended that the death sentence be imposed, and, after weighing the aggravating and mitigating circumstances, the trial court imposed a sentence of death. Martin's conviction and sentence are before this Court on direct appeal pursuant to article V, section 3(b)(1), Florida Constitution. We have reviewed *584 the record and considered the ten points on appeal and affirm the conviction and sentence.
Patricia Greenfield was an employee of a Cumberland Farm Food Store in Delray Beach. On June 25, 1977 two men entered the store, robbed it, and abducted Ms. Greenfield. Her body was discovered a few days later on a garbage dump. Investigation led to the arrest of Martin and Gary Forbes for the robbery and murder.
The trial judge correctly summarized additional facts as follows:
Gary Forbes is an 18-year old high school dropout, recently married, with no criminal record and several juvenile referrals. He was employed at his father's service station with Nollie Lee Martin who had just been paroled from the State of North Carolina several months earlier (after serving almost five years of a sentence of eighteen years to thirty years) for the second degree arson slaying of three (3) human beings.
Gary Forbes tendered a plea of guilty to the Court which was supported by the concurrence of the family of the victim, the police agency involved and the State Attorney's Office. The Court accepted that plea and the defendant Forbes has now been sentenced pursuant to his plea bargain. That matter is covered in a separate order.
The victim was a college student who was temporarily employed in a convenience store. The two men robbed her at knife point of approximately ninety (90) dollars and two cases of beer shortly before closing. They drove her back to Martin's apartment and blindfolded her along the way with Martin's shirt. The sworn testimony and confessions indicate that each man committed forcible sexual battery on the victim at the apartment.
The victim was transported away from the apartment, still blindfolded and under the assurances that she would be released at a remote area. After driving some distance in a rather aimless fashion, the automobile arrived at the vicinity of the Lantana Dump and the defendant, Nollie Lee Martin, walked the victim away from the view of Forbes. According to Forbes, the defendant, Martin, stated that he attempted to strangle or suffocate the victim with the use of a short piece of rope but that she recovered her breath each time that he thought she had succumbed. He then stabbed her several times in the throat. The autopsy revealed that she died of these stab wounds and suggests at least an inference that there was some struggle before the death strokes were administered.
Martin confessed to the killing on July 4 and again on July 11. His defense at trial was insanity. At the sentencing hearing he sought the benefit of the mental mitigating factors of being under the influence of extreme mental and emotional disturbance and that his capacity to appreciate the criminality of his conduct and to conform his conduct to the requirements of law was substantially impaired.[1] He had numerous psychiatric examinations, and conflicting opinions ensued from the doctors examining him. One considered him insane at the time of the murder, but three opined otherwise.[2] At sentencing two felt that he met the statutory mental mitigating circumstances. The reconciliation of these conflicts was the responsibility of the jury and, to the extent it concerned his sentencing responsibilities, the trial judge. When there is competent substantial evidence to support the conclusion reached, their determination is final. Tibbs v. State, 397 So.2d 1120 (Fla. 1981); Clark v. State, 379 So.2d 97 (Fla. 1979), cert. denied, 450 U.S. 936, 101 S.Ct. 1402, 67 L.Ed.2d 371 (1981); McNeil v. State, 104 Fla. 360, 139 So. 791 (1932).
On appeal Martin raises ten issues for our consideration. Four deal with his in-custody statements, one challenges the exclusion of three jurors because they would not impose the death sentence under any circumstance, one challenges the exclusion of certain *585 jail records, three deal with allegedly improper jury instructions, and one challenges the imposition of the death sentence. After reviewing the record, we find no merit in any of the points raised and do not find that any issue warrants or requires specific discussion. We have independently searched the record for error and have found none.
Martin was fully and properly informed as to his rights, which he freely waived in giving the two statements. The presence of the prosecutor in the interrogation room was proper, and the taped statement and testimony clearly show that Martin was not misled or promised anything for giving his statement. The court properly excluded the three death-scrupled jurors. Downs v. State, 386 So.2d 788 (Fla. 1980). We also find no abuse by the trial court in excluding the jail records. The court properly instructed the jury and did not err by excluding the instruction as to the penalty for first-degree murder. Welty v. State, 402 So.2d 1159 (Fla. 1981).
By supplemental authority Martin claims relief because of the United States Supreme Court decision in Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). Martin was not arrested in his own home, but in the home of a third party who gave his consent to police entry. Payton does not apply to Martin's situation.
The jury recommended the death sentence. The judge found five aggravating circumstances, all of which are supported by the record, and presented his reasons therefor.[3] Although there was extensive conflicting expert testimony on Martin's mental condition, the court carefully considered this and concluded that the mental mitigating circumstances did not apply.
This was a well-tried case. It is evident that counsel were well prepared and zealously advocated their positions. The trial judge was deliberate and careful to afford a fair trial to all. The verdict of the jury and the findings of the trial judge are amply supported by the record. The judgment and sentence are affirmed.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON, SUNDBERG, McDONALD and EHRLICH, JJ., concur.
NOTES
[1] § 921.141(6)(b) & (f), Fla. Stat. (1977).
[2] There had been a pretrial determination that Martin was competent to stand trial.
[3] The trial judge found that:

(a) The capital felony was committed while the defendant was under sentence of imprisonment, on parole status. On the 18th day of January, 1973, a consolidated Judgment and Commitment was entered in the General Court of Justice, Superior Court Division of the State of North Carolina. It recited that the defendant had appeared for trial upon three charges of Murder and that he had entered a plea of guilty to Murder in the Second Degree in three cases. His sentence was not less than eighteen (18) years nor more than thirty (30) years in the custody of the State Department of Corrections.
(b) The defendant was previously convicted of felonies involving the use or threat of violence to the person. See (a) above.
(d) The capital felony was committed while the defendant was engaged in flight after committing a robbery and rape (sexual battery); it was also committed while the defendant was engaged in the felony of kidnapping.
(e) The capital felony was committed for the purpose of avoiding or preventing a lawful arrest inasmuch as the defendant was destroying the chief witness in the person of his victim.
(h) The capital felony was especially heinous, atrocious or cruel.