432 So.2d 35 (1983)
William Duane ELLEDGE, Petitioner/Relator,
v.
Robert GRAHAM, Governor, State of Florida; Louie L. Wainwright, Secretary, Florida Department of Corrections, Respondents.
William Duane ELLEDGE, Petitioner,
v.
Louie L. WAINWRIGHT, Secretary, Florida Department of Corrections, Respondent.
William Duane ELLEDGE, Petitioner,
v.
STATE of Florida, Respondent.
William Duane ELLEDGE, Appellant,
v.
STATE of Florida, Appellee.
Nos. 63344, 63345, 63387, 63388.
Supreme Court of Florida.
April 14, 1983.
Rehearing Denied June 22, 1983.
Richard L. Jorandby, Public Defender; Craig S. Barnard, Chief Asst. Public Defender, and Richard H. Burr, III, Asst. Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for petitioner/relator, in No. 63344, petitioner in No. 63345 and 63387 and appellee in No. 63388.
Jim Smith, Atty. Gen. and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for respondents in No. 63344 and 63345 and appellee in No. 63388.
*36 PER CURIAM.
Petitioner urges this Court to issue its writ of habeas corpus to permit appellate review of the lower court's denial of his motion to suppress custodial statements and, in addition, to issue writs of quo warranto and/or habeas corpus to prevent the execution of the death warrant. Petitioner also appeals the denial of his rule 3.850 motion to vacate judgment and sentence and, further, petitions for leave to file a petition for writ of error coram nobis and/or for extraordinary relief with regard to the capital penalty trial. We have jurisdiction. Art. V, § 3(b)(7) & (9), Fla. Const. We find no merit in petitioner's arguments, deny all petitions and affirm the denial of his motion to vacate judgment and sentence.
On March 17, 1975, in the Seventeenth Judicial Circuit in and for Broward County, petitioner William Duane Elledge moved to suppress certain custodial statements. Upon the denial of his motion, he entered pleas of guilty to first-degree murder and rape, and on March 27, 1975, was sentenced to death. On direct appeal, this Court affirmed petitioner's conviction but vacated the death sentence, ordering the trial court to conduct a new sentencing trial. Elledge v. State, 346 So.2d 998 (Fla. 1977). Following that trial, petitioner was resentenced to death on August 3, 1977. On appeal this Court affirmed the death sentence. Elledge v. State, 408 So.2d 1021 (Fla. 1981), cert. denied, ___ U.S. ___, 103 S.Ct. 316, 74 L.Ed.2d 293 (1982). On February 15, 1983, the Governor of Florida signed a death warrant ordering petitioner's execution.

QUO WARRANTO AND/OR HABEAS CORPUS
Petitioner contends that since his 1977 death sentence contained a provision that the sentence run consecutive to a sentence of life imprisonment imposed in Case No. 74-3811, in which petitioner also pleaded guilty to first-degree murder, the death sentence cannot be carried out until after the expiration of the life sentence, which carries a mandatory minimum of twenty-five calendar years. We find this position wholly without merit. When a death sentence is superimposed upon an existing life sentence, the defendant has no legal right to serve the life sentence. Blitch v. Buchanan, 100 Fla. 1242, 132 So. 474 (1931) and Whitney v. State, 132 So.2d 599 (Fla. 1961).

HABEAS CORPUS
Relying on Anderson v. State, 420 So.2d 574 (Fla. 1982), petitioner also urges that he now is entitled to appellate review of the trial court's denial of his motion to suppress his confessions, even though he pleaded guilty and did not raise this issue on his previous appeals. We disagree. A guilty plea cuts off any right to an appeal from court rulings that preceded the plea with the exception of a limited class of issues which occur contemporaneously with the entry of the plea: (1) the subject matter jurisdiction, (2) the illegality of the sentence, (3) the failure of the government to abide by the plea agreement, and (4) the voluntary and intelligent character of the plea. Robinson v. State, 373 So.2d 898 (Fla. 1979). The petitioner's challenge falls in this latter category because it is based on the assertion that he would not have pleaded guilty had the confessions been suppressed. A proper challenge to the voluntary and intelligent character of a guilty plea is presented to the trial court by a motion to withdraw the plea. A denial of such motion would be subject to review on direct appeal. Robinson. So far as we are aware, the petitioner has not previously sought to withdraw his guilty plea nor did he raise the issue on the direct appeal of his death sentence. We accorded the petitioner automatic review as we do in all death cases, and affirmed his conviction and sentence of death. Elledge II. § 921.141(4), Fla. Stat. (1975). Petitioner since has raised the issue of the voluntariness of his guilty plea before the trial court by means of a rule 3.850 motion, which we address below. We know of no other right of review to which the petitioner is entitled.

*37 ERROR CORAM NOBIS
Elledge's petition presents what is purported to be newly-available evidence:
1. An undated psychiatric report by Dr. Lewis, apparently prepared in late 1982 or early 1983, based on her interviews with Elledge, a telephone interview with Elledge's mother, a review of neuropsychological testing, and a review of various institutional records through the present. Dr. Lewis concludes that "Elledge's ability to control his behavior at the time of the murder was seriously impaired."
2. A series of conclusions by petitioner's counsel based on personal and telephonic interviews with various members of Elledge's family. Counsel concludes that there is "some organic vulnerability to violent behavior in petitioner's family; and . .. petitioner's thinking may also stem from an inherited tendency toward disorganized thought processes."
The "facts" on which Dr. Lewis and counsel rely are not new: they were either available or could have been obtained at the time of sentencing. We note that Elledge was examined by two psychiatrists prior to trial and both stated that at the time of the rape/murder he understood and could appreciate the nature and consequences of his acts. Petitioner has presented no new information  merely a psychiatrist who draws different conclusions. Booker v. State, 413 So.2d 756 (Fla. 1982); Hallman v. State, 371 So.2d 482 (Fla. 1979).

RULE 3.850
Elledge appeals the denial of his rule 3.850 motion. He presents five issues for our consideration:
1. Ineffective assistance of counsel.
2. The voluntariness of his guilty plea.
3. Alleged error by the trial court in striking grounds for relief.
4. Denial of equal protection and a fair hearing by denial of funds for expert and lay witnesses.
5. The unconstitutionality of Florida's death penalty as applied.
Our review of the record convinces us that the appellant's confessions and guilty plea were properly admitted and that the allegation of ineffective assistance of counsel has not been shown. Knight v. State, 394 So.2d 997 (Fla. 1981); Williams v. State, 316 So.2d 267 (Fla. 1975). We have fully reviewed the remaining issues raised by the appellant and find them to be without merit.
The petitions for quo warranto, habeas corpus, and leave to file a writ of error coram nobis are denied. The denial of the appellant's 3.850 motion is affirmed.
It is so ordered.
ALDERMAN, C.J. and ADKINS, BOYD, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.