455 So.2d 370 (1984)
Nollie Lee MARTIN, Appellant,
v.
STATE of Florida, Appellee.
No. 65788.
Supreme Court of Florida.
August 28, 1984.
*371 Richard L. Jorandby, Public Defender, Fifteenth Judicial Circuit, Craig S. Barnard, Chief Asst. Public Defender, Richard H. Burr, III, West Palm Beach, of counsel, and Cherry Grant, Richard B. Greene, Michael A. Mello and Thomas F. Ball III, Asst. Public Defenders, West Palm Beach, for appellant.
Jim Smith, Atty. Gen. and Joan Fowler Rossin, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
A jury convicted Martin of first-degree murder, and the trial court sentenced him to death. We affirmed both the conviction and sentence. Martin v. State, 420 So.2d 583 (Fla. 1982), cert. denied, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983). On August 8, 1984 the governor signed a death warrant on Martin, effective for the week of August 31 through September 7, 1984. Martin then filed a Florida Rule of Criminal Procedure 3.850 motion with the trial court. After holding a status conference on the matter, the trial court denied the motion without holding an evidentiary hearing and refused to vacate the judgment and sentence. Martin raised two points before the trial court and now contends that that court erred in denying relief.
At trial Martin depended on an insanity defense. To the end of demonstrating his competency or lack thereof, the court appointed four experts (three psychiatrists and one psychologist) to examine Martin. Besides these persons, a psychologist associated with one of the appointed psychiatrists, a fourth psychiatrist, and a neurologist also examined Martin. These doctors' opinions ranged from Martin's being insane when he confessed but competent to stand trial, to being both insane and incompetent, to being both sane and competent, to Martin's being a complete fake. After examining Martin, the neurologist opined that, although Martin had some brain damage, that damage was insignificant. Prior to trial, therefore, seven experts had examined Martin with the court's approval.
Shortly before trial yet another psychologist interviewed Martin. Defense counsel sought appointment of this person as an expert in order to rebut one of the other expert's opinion that Martin was merely faking insanity. The trial court, finding seven experts sufficient, refused. On appeal this Court found no merit to Martin's claim that the trial court erred in not appointing this psychologist.
Now Martin again claims that the trial court erred in refusing to appoint this expert, *372 but for a different reason. Now, according to Martin, this excluded psychologist would have testified that he, Martin, had severe brain damage. This would have contradicted the neurologist's findings and undermined the other experts' opinions based on those findings. By refusing to appoint this expert, the trial court forced Martin, an indigent, into an untenable position because he himself could not pay for this expert and could only gain the benefit of this testimony through court appointment. Therefore, Martin now claims that the trial court impermissibly precluded his presentation of an adequate defense.
The trial court found the instant claim controlled by the doctrine of res judicata because this Court ruled on the appointment of this last expert on appeal. Martin, on the other hand, argues that the issue raises a question of fundamental fairness which must be addressed and cites Strickland v. Washington, ___ U.S. ___, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), although he makes no claim of ineffective assistance of counsel. We have previously found similar claims regarding court-appointed experts to have no merit. Elledge v. Graham, 432 So.2d 35 (Fla.), cert. denied, ___ U.S. ___, 104 S.Ct. 436, 78 L.Ed.2d 368 (1983); Booker v. State, 413 So.2d 756 (Fla. 1982).
The appointment of experts is discretionary. § 914.06, Fla. Stat. (1983). The test for overturning a trial court ruling on appointing an expert is whether there has been an abuse of discretion. On the original appeal we found no abuse of discretion, and we find none here.
Martin's claim that the unappointed expert would have completely undermined the neurologist's findings and the testimony based on those findings is purely speculative. At best this expert's testimony would have given the jury and judge one more bit of information to be considered and weighed along with the other experts' testimony and the proof that Martin was, at best, a murderer and rapist who committed the instant crime while on parole.[1] The trial judge was liberal in appointing and approving physicians for Martin, and our review convinces us that Martin suffered no undue prejudice from, and that the trial court committed no abuse of discretion by, denying the appointment of this expert.[2] We see no reason to abridge the doctrine of finality in this instance because we do not believe that this psychologist's testimony would have produced more fairness and uniformity. See Witt v. State, 387 So.2d 922 (Fla.), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980).
Martin's second point is that the trial court erred by failing to find that the death penalty is imposed in Florida in an arbitrary and discriminatory manner based on the race of the victim and the defendant, the location of the crime, and the sex of the defendant. We have recently rejected this claim, State v. Washington, 453 So.2d 389 (Fla. 1984), and cases cited therein, and Martin has presented nothing which would compel reconsideration of this issue.
Although we encourage trial courts to hold evidentiary hearings in rule 3.850 proceedings, Jones v. State, 446 So.2d 1059 (Fla. 1984), the trial court did not err in denying Martin's motion without such a hearing. We therefore affirm the trial court's order denying the motion to vacate judgment and sentence. We also deny the stay of execution. No petition for rehearing will be entertained by this Court.
It is so ordered.
*373 BOYD, C.J., and ADKINS, OVERTON, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.
NOTES
[1] Martin had sought the services of the neurologist whose conclusions he now seeks to attack.
[2] Martin cites several cases to support his claims, but we find his reliance on them misplaced. Unlike in McMillian v. State, 411 So.2d 1372 (Fla. 5th DCA 1982), Martin's allegations are not sufficient to withstand a summary denial. Our analysis and resolution of this case likewise give no relief under Smith v. State, 400 So.2d 956 (Fla. 1981). Finally, although the United States Supreme Court has granted certiorari (___ U.S. ___, 104 S.Ct. 1591, 80 L.Ed.2d 123 (1984)) in Ake v. State, 663 P.2d 1 (Okla. Crim. App. 1983), Ake appears to be factually distinguishable because Oklahoma, evidently, "does not have the responsibility of providing such services [court-appointed experts] to indigents charged with capital crimes." Id. at 6.