497 So.2d 872 (1986)
Nollie Lee MARTIN, Petitioner,
v.
Louie L. WAINWRIGHT, Etc., et al., Respondents.
No. 69608.
Supreme Court of Florida.
November 13, 1986.
*873 Larry Helm Spalding, Capital Collateral Representative and Michael A. Mello, Asst. Capital Collateral Representative, Office of the Capital Collateral Representative, Tallahassee, for petitioner.
Jim Smith, Atty. Gen., and Joy B. Shearer, Richard G. Bartmon, Carolyn V. McCann and Georgina Jimenez-Orosa, Asst. Attys. Gen., West Palm Beach, for respondents.
McDONALD, Chief Justice.
Martin, currently under a second death warrant, petitions this Court for a writ of habeas corpus and asks that his impending execution be stayed. We have jurisdiction. Art. V, § 3(b)(9), Fla. Const. We find no merit to his arguments and, therefore, deny the petition and the requested stay.
This Court affirmed Martin's conviction of first-degree murder and sentence of death on direct appeal. Martin v. State, 420 So.2d 583 (Fla. 1982), cert. denied, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983). After the signing of his first death warrant, Martin filed a motion for post-conviction relief which the trial court denied. We affirmed the denial of relief. Martin v. State, 455 So.2d 370 (Fla. 1984). The signing of Martin's second death warrant prompted the instant proceedings.
As the first point in this petition, Martin's current counsel claim that he is presently incompetent to be executed. See Ford v. Wainwright, ___ U.S. ___, 106 S.Ct. 2595, 91 L.Ed.2d 335 (1986). Because the Florida Bar is currently in the process of developing a rule of procedure regarding competency to be executed, Martin's counsel ask us to stay his execution until such a procedure has been adopted. We have, however, today adopted Florida Rule of Criminal Procedure 3.811 as an emergency rule. In re Emergency Amendment to Florida Rules of Criminal Procedure (Rule 3.811, Competency to be Executed), 497 So.2d 643 (Fla. 1986). If Martin's counsel wish to pursue this claim, we direct them to initiate the sanity proceedings set out in section 922.07, Florida Statutes (1985),[1] and, if necessary, then to follow the procedure provided in rule 3.811.
Turning to the remainder of the points in this petition, we find them to be either without merit or not cognizable in habeas corpus proceedings. The latter is true of Martin's last point, i.e., that the death penalty is arbitrarily imposed in a racially discriminatory manner based on the race of the victim. We recently specifically held that this claim cannot be raised in a habeas petition. Stewart v. Wainwright, 494 So.2d 489 (Fla. 1986). Moreover, Martin raised this claim on a prior Florida Rule of Criminal Procedure 3.850 motion, and we affirmed the trial court's denial of relief. Martin v. State, 455 So.2d 370 (Fla. 1984). We refuse to entertain this issue now. Martin admits that this Court considered his fourth claim, that the trial court mislead the jury as to its role in *874 sentencing and the consequences of its verdict, on his original appeal. Martin v. State, 420 So.2d 583 (Fla. 1982), cert. denied, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983). We declare this claim not cognizable in these proceedings and refuse to consider it.
As his remaining points, Martin argues that: 1) his appellate counsel rendered ineffective assistance; 2) the jury instructions on sanity unconstitutionally shifted the burden of proof;[2] 3) the jury improperly limited its consideration of mitigating evidence to those factors listed in the statute;[3] and 4) the jury verdict form did not indicate whether Martin committed premeditated murder or felony murder.[4] Effectiveness of appellate counsel is cognizable in habeas proceedings. Knight v. State, 394 So.2d 997 (Fla. 1981). Martin attempts to make the second, third, and fourth points listed above cognizable by arguing that they involve fundamental error. Our review, however, discloses no error of a fundamental nature, and we therefore find these points to have no merit.
Regarding the claim of ineffectiveness, Martin argues that his appellate counsel should have raised his absence during the voir dire of prospective jurors about pretrial publicity and that his appellate counsel should have challenged the instructions given to the jury on insanity. In reading this record appellate counsel could have concluded, entirely reasonably, that Martin freely and voluntarily acceded to trial counsel's waiver of his presence. The failure to raise a nonmeritorious issue does not constitute substandard performance. Card v. State, 497 So.2d 1169 (Fla. 1986). The trial court gave the then-current standard jury instruction regarding insanity. Failing to attack this standard instruction, especially when it had not been objected to at trial, does not demonstrate ineffectiveness of appellate counsel. We hold, therefore, that Martin has not met the test set out in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
We deny Martin's petition for habeas corpus and his requested stay of execution.
It is so ordered.
BOYD, OVERTON, EHRLICH and SHAW, JJ., concur.
BARKETT, J., dissents with an opinion.
BARKETT, Justice, dissenting.
Until this morning, Florida had no vehicle by which the defendant could raise the question of his competency to be executed. Therefore, I believe due process requires a stay to permit the defendant to avail himself of this new procedure. To do otherwise would, in my opinion, violate the dictates of Ford v. Wainwright, ___ U.S. ___, 106 S.Ct. 2595, 91 L.Ed.2d 335 (1986).
NOTES
[1] Because Martin's execution is scheduled for Nov. 18, 1986, time would appear to be of the essence in proceeding under § 922.07. We note that the governor may extend the warrant period under § 922.07(2).
[2] This claim should have been raised, if at all, on appeal. Because the instructions were not objected to at trial, however, the issue could not have been raised on appeal. Habeas is not a substitute for appeal. Thomas v. State, 486 So.2d 574 (Fla. 1986); Kennedy v. Wainwright, 483 So.2d 424 (Fla. 1986).
[3] Lucas v. State, 490 So.2d 943 (Fla. 1986), and Harvard v. State, 486 So.2d 537 (Fla. 1986), upon which Martin rely, are factually distinguishable from the instant case. Moreover, we find no merit to Martin's argument based on the brief filed in the United States Supreme Court in Hitchcock v. Wainwright, no. 85-6756 (argued Oct. 15, 1986).
[4] Enmund v. Florida, 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1981), is factually distinguishable from this case. Martin's reliance on Enmund and Cabana v. Bullock, ___ U.S. ___, 106 S.Ct. 689, 88 L.Ed.2d 704 (1986), is merely an exercise in speculation.