497 So.2d 643 (1986)
In re EMERGENCY AMENDMENT TO FLORIDA RULES OF CRIMINAL PROCEDURE (RULE 3.811, COMPETENCY TO BE EXECUTED).
No. 69607.
Supreme Court of Florida.
November 13, 1986.
PER CURIAM.
In light of Ford v. Wainwright, ___ U.S. ___, 106 S.Ct. 2595, 91 L.Ed.2d 335 (1986), Governor Graham asked this Court to consider promulgating a rule of criminal procedure regarding competency to be executed. Pursuant to the Court's request, the Criminal Law Section of the Florida Bar is currently engaged in formulating such a rule. As an interim measure, however, the Court has written an emergency rule which we hereby adopt as Florida Rule of Criminal Procedure 3.811 and which is attached to this opinion. The emergency rule will be effective immediately upon the filing of this opinion and until replaced by a permanent rule. Although no petition for rehearing will be entertained, interested parties are invited to submit comments and suggestions regarding this new rule which will be considered at the same time as any proposed permanent rule.
It is so ordered.
McDONALD, C.J., and ADKINS, BOYD, OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.
3.811. Competency to be executed.
(a) Procedure for raising. When proceedings under section 922.07, Florida Statutes (1985), are initiated, and such proceedings result in a determination by the governor that the convicted person under death sentence has the mental capacity to understand the nature of the death penalty and why it is to be imposed upon that person, a judicial proceeding is authorized to review that determination. Such a proceeding shall be instituted by a written motion by counsel for the prisoner asserting grounds why a belief persists that the prisoner is not mentally competent to be executed. Such a motion shall be filed within three days of the governor's determination of competency in the circuit where the prisoner is located. A hearing on the motion shall be set as soon as possible by one of the judges of that circuit or by another judge assigned by the chief justice of the Supreme Court to hear the motion.
The trial judge shall review the experts' reports and any written submissions from the parties, including experts representing the prisoner. No evidentiary hearing shall be required, but the trial judge, at his or her discretion, may allow the parties to present oral argument and may permit or require the live testimony of witnesses, including one or more of the experts. If the court finds that the prisoner understands the nature and effect of the death penalty and why it is to be imposed upon the prisoner, it shall enter its order so finding.
(b) Disposition on finding of incompetency.
(1) If the court determines that the prisoner is not mentally competent to be executed, the court shall stay the execution and order the prisoner committed to a Department of Corrections mental health treatment facility. The order of commitment shall contain the following:
a. Findings of fact relating to the issues of competency to be executed and involuntary hospitalization.
b. Copies of the experts' reports filed with the court pursuant to the order of examination; and
c. Any other written submissions relative to the prisoner's competency to be executed received by the court.
(2) The treatment facility shall admit the prisoner for hospitalization and shall retain and treat the prisoner. No more than six months from the date of admission the administrator of the treatment facility shall file with the court a report addressing the prisoner's competency to be executed, with *644 copies to all parties. If at any time during the six-month period, or during any extended period of hospitalization which may be ordered pursuant to this rule, the administrator of the facility shall determine that the prisoner has become competent to be executed, the administrator shall so notify the court by a report, with copies to all parties.
(3) Within thirty days of receiving any report from the treatment facility's administrator, the court shall consider that report and any written submissions from the parties and may allow the presentation of oral argument. If the court determines that the prisoner continues to be incompetent to be executed, the court shall order continued hospitalization and treatment for a period not to exceed one year. The procedure set out in paragraph (3) and this paragraph shall be repeated prior to the expiration of each one-year period of hospitalization.
(4) If at any time after hospitalization under this rule the court decides that the prisoner is competent to be executed, the court shall enter its order so finding and shall vacate its stay of execution.
(c) Effect of adjudication of incompetency to be executed; psychotropic medication.
(1) An adjudication of incompetency to be executed shall not operate as an adjudication of incompetency to consent to medical treatment or for any other purpose unless such other adjudication is specifically set forth in the order.
(2) A prisoner who, because of psychotropic medication, has sufficient ability to understand the nature and effect of the death penalty and why it is to be imposed upon him or her shall not be deemed incompetent to be executed simply because his or her satisfactory mental condition is dependent upon such medication.
(3) Psychotropic medication is any drug or compound affecting the mind, behavior, intellectual functions, perception, moods, or emotion and includes anti-psychotic, anti-depressant, anti-manic, and anti-anxiety drugs.