515 So.2d 185 (1987)
Nollie Lee MARTIN, Petitioner,
v.
Richard L. DUGGER, Secretary, Florida Department of Corrections, Respondent.
Nollie Lee MARTIN, Appellant,
v.
STATE of Florida, Appellee.
Nos. 71346, 71362.
Supreme Court of Florida.
October 28, 1987.
*186 Larry Helm Spalding, Capital Collateral Representative, and Mark E. Olive, Chief Asst., Office of the Capital Collateral Representative, Tallahassee, and Julius L. Chambers and Richard H. Burr, III, NAACP Legal Defense Fund, New York City, for petitioner/appellant.
Robert A. Butterworth, Atty. Gen. and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for respondent/appellee.
PER CURIAM.
Nollie Martin, currently under a death warrant, petitions the Court for a writ of habeas corpus. He also appeals the trial court's dismissal of his motion for determination of competency to be executed and requests a stay of execution. We have jurisdiction. Art. V, § 3(b)(1), (9), Fla. Const.
A jury convicted Martin of first-degree murder, and the trial court sentenced him to death. This Court affirmed both the conviction and sentence. Martin v. State, 420 So.2d 583 (Fla. 1982), cert. denied, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983). After the governor signed Martin's first death warrant in 1984, Martin filed a motion for postconviction relief claiming that a certain psychologist should have been appointed for the defense at his trial and that the death penalty is imposed in an arbitrary and discriminatory manner. The trial court denied the motion without an evidentiary hearing and this Court affirmed. Martin v. State, 455 So.2d 370 (Fla. 1984). A federal district court then denied Martin's habeas corpus petition. The federal circuit court stayed Martin's execution, but, after considering his case, affirmed the district court's denial of relief. Martin v. Wainwright, 770 F.2d 918 (11th Cir.1985), as modified, 781 F.2d 185 (11th Cir.), cert. denied, ___ U.S. ___, 107 S.Ct. 307, 93 L.Ed.2d 281 (1986).
In 1986 the governor signed Martin's second death warrant. Citing Ford v. Wainwright, 477 U.S. 399, 106 S.Ct. 2595, 91 L.Ed.2d 335 (1986), Martin petitioned this Court for habeas corpus relief, claiming he was incompetent to be executed. We adopted an emergency rule of criminal procedure pertaining to competency to be executed in response to Martin's petition. In re Emergency Amendment to Florida Rules of Criminal Procedure (Rule 3.811), 497 So.2d 643 (Fla. 1986). We directed Martin's counsel to follow the procedures set out in section 922.07, Florida Statutes (1985), and in rule 3.811, if necessary, and denied a stay of execution. Martin v. Wainwright, 497 So.2d 872 (Fla. 1986), cert. denied, ___ U.S. ___, 107 S.Ct. 1965, 95 L.Ed.2d 536 (1987). The governor then stayed the execution.
On August 3, 1987 Governor Martinez signed an executive order appointing three psychiatrists to examine Martin pursuant to section 922.07 on September 29, 1987. On September 24, 1987 Martin filed a petition to stay the examination, which this Court denied in an unreported order. Martin's *187 counsel then refused to let Martin be examined by the psychiatrists and threatened them with a lawsuit if they proceeded with an examination of Martin's competency to be executed. After receiving the psychiatrists' letter outlining these facts and reporting their inability to conduct the requested examination, the governor signed Martin's third death warrant.
Martin's counsel then filed a motion for determination of competency to be executed with the trial court. That motion argues that section 922.07 is inadequate to protect a mental incompetent's right not to be executed, thereby violating Ford v. Wainwright, The motion argues that rule 3.811's direction to first proceed under section 922.07 is improper and asks for the trial court to conduct a hearing de novo solely under rule 3.811. The state filed a motion to dismiss, arguing that our last opinion (497 So.2d at 873) directed Martin's counsel to follow the procedure set out in section 922.07 and rule 3.811, but that counsel thwarted the process by invoking the procedure and then refusing to allow Martin to be examined. The trial court agreed with the state and dismissed the motion, holding that by refusing to participate in the section 922.07 examination Martin had waived the operation of rule 3.811.
While the motion regarding competency to be executed was pending in the trial court, Martin filed a petition for writ of habeas corpus with this Court. Relying on Hitchcock v. Dugger, ___ U.S ___, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987), this petition requests that Martin be resentenced because his jury's consideration of mitigating circumstances has been limited. This claim has been rejected before, 497 So.2d at 874, but, because Hitchcock is a substantial change in the law, we reconsider it. See Delap v. Dugger, 513 So.2d 659 (Fla. 1987).
As the state points out, Martin's trial counsel requested a special jury instruction that would inform the jury that mitigating evidence need not be limited to those factors listed in the statute. The court granted this instruction and told the jury "there is no such limitation on the mitigating [as opposed to aggravating] factors which you may consider." It is clear that neither the trial court, the jury, nor defense counsel considered themselves limited to consideration of only the statutory mitigating circumstances. We therefore find Hitchcock inapplicable to the instant case and deny the petition as having no merit.
Turning back to the motion regarding competency to be executed, we reiterate that we directed Martin's counsel to follow the procedure set out in section 922.07, which is the trigger for activating rule 3.811. ("When proceedings under section 922.07 ... are initiated, and such proceedings result in a determination by the governor that the convicted person under death sentence [is competent to be executed], a judicial proceeding is authorized to review that determination." (Emphasis supplied.)) We realize that counsel disagrees with this procedure and would prefer one more in line with that postulated by Justice Marshall in Ford v. Wainwright. That part of Justice Marshall's opinion is not a majority opinion, however, and section 922.07 and rule 3.811 set out the procedure to be followed in this state.
Counsel claims that, under rule 3.811, a trial court will give undue deference to the governor's determination that a prisoner is competent to be executed. Counsel reads into rule 3.811 something which is simply not there. The second paragraph of paragraph (a) directs the trial court to "review the experts' reports and any written submissions from the parties, including experts representing the prisoner." The rule, therefore, provides that a trial court should decide this issue without consideration of the governor's determination. We see no way that the combined procedure set out in section 922.07 and rule 3.811 gives undue deference to the executive.
The trial court found that Martin waived his claim of incompetency to be executed. This is not strictly so. By refusing to allow Martin's examination, counsel, not Martin, waived this claim. While a strong argument can be made that counsel's waiver *188 should be attributed to Martin, to avoid any possible prejudice in this instance we hold that Martin has not waived this claim.
In their letter the psychiatrists appointed by the governor indicated their readiness to examine Martin when the legal questions are resolved. We therefore request that the governor again ask them to do so.[*] Recognizing that Martin's warrant is effective until November 11, but that his execution has been set for November 5, 1987, we direct that he shall not be executed on that date or anytime during the warrant period unless the procedures in regard to his competency to be executed have been concluded.
It is so ordered.
No motion for rehearing will be allowed.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT and KOGAN, JJ., concur.
GRIMES, J., concurs in part and dissents in part with an opinion.
GRIMES, Judge, concurring in part and dissenting in part.
The last time Martin contended that he was incompetent to be executed, this Court adopted Florida Rule of Criminal Procedure 3.811 as an emergency rule and specified that "[i]f Martin's counsel wish to pursue this claim, we direct them to initiate the sanity proceedings set out in section 922.07, Florida Statutes (1985), and, if necessary, then to follow the procedure provided in rule 3.811." Martin v. Wainwright, 497 So.2d 872, 873 (Fla. 1986) (footnote omitted). At the same time, we denied Martin's petition for habeas corpus and his requested stay of execution. Martin sought to challenge the constitutionality of the Florida procedure at that time by filing a petition for certiorari, which was denied. Martin v. Dugger, ___ U.S. ___, 107 S.Ct. 1965, 95 L.Ed.2d 536 (1987).
Thereafter, pursuant to the earlier request of Martin's lawyer invoking the provisions of section 922.07, the Governor appointed three psychiatrists to examine Martin. Martin's counsel then filed a petition for writ of quo warranto or for extraordinary relief in the nature of quo warranto seeking to stay the section 922.07 examination on the premise that rule 3.811 was unconstitutional because it required the trial court to give deference to the Governor's determination of competency to be executed. This Court denied Martin's petition on September 28, 1987.
Upon advice of his lawyer, Martin then refused to participate in the section 922.07 examination, and as a result, the Governor was unable to make a determination of competency. Martin then purportedly invoked rule 3.811 by filing in the circuit court a motion for determination of his competence to be executed and for a stay of execution. The judge denied the motion, pointing out that by its own terms rule 3.811 is only effective after a section 922.07 finding is made. The judge ruled that by refusing to participate in the section 922.07 proceeding, Martin waived the operation of rule 3.811. I agree.
Martin's lawyer now argues before this Court that he advised his client not to submit to the section 922.07 examination because he still believed rule 3.811 was unconstitutional on the ground previously asserted in his petition for quo warranto. As noted in the majority opinion, this position was unfounded. However, even if it could be said that the wording of the rule was sufficient to give Martin's counsel legitimate concern, the constitutional point could have been adequately preserved by permitting the section 922.07 examination to take place.
Martin is presumed sane. While there has been disagreement among the psychiatrists, *189 no court has ruled him to be incompetent. He now claims to be incompetent but refuses to permit the psychiatric examination to go forward to determine whether or not he is incompetent. Since Martin's execution is scheduled for November 5, 1987, a stay will inevitably be granted as a result of this legal maneuvering, which was its purpose in the first place.
While I concur with the majority's interpretation of rule 3.811 and its rejection of the claim under Hitchcock v. Dugger, I dissent from the reordering of a section 922.07 examination. I would affirm the trial court's order and deny the motion for stay of execution.
NOTES
[*] We find Estelle v. Smith, 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981), inapplicable here because Martin has already been convicted of first-degree murder. That conviction is no longer at issue and the best result he can currently obtain is an escape from execution because he does not understand the nature of the death penalty and why it is to be imposed on him. We hold, however, that the information given by Martin to the three psychiatrists appointed by the governor can be used only to determine his competency to be executed and not in any other proceedings.