518 So.2d 256 (1987)
In re AMENDMENTS TO the FLORIDA RULES OF CRIMINAL PROCEDURE.
No. 70287.
Supreme Court of Florida.
December 31, 1987.
Philip W. Maniatty, Chairperson, Criminal Procedure Rules Committee, Miami, for petitioner.
PER CURIAM.
This proceeding is before the Court for consideration of proposed amendments to the Florida Rules of Criminal Procedure. *257 The proposed rules establish a procedure for judicial inquiry into the sanity of persons who have been sentenced to death, where such sanity has been questioned and determined by the Governor.
In response to the ruling of the United States Supreme Court in Ford v. Wainwright, 477 U.S. 399, 106 S.Ct. 2595, 91 L.Ed.2d 335 (1986), this Court promulgated Florida Rule of Criminal Procedure 3.811 to govern judicial proceedings on competency of condemned persons to be executed. In re Emergency Amendment to Florida Rules of Criminal Procedure, 497 So.2d 643 (Fla. 1986). The emergency rule was adopted as an interim measure until such time as a permanent rule could be adopted. We referred the matter to the Criminal Law Section of The Florida Bar. We have now received the proposal for permanent rules. The proposed rules are submitted by the Florida Bar Committee on Rules of Criminal Procedure and have been endorsed by the Board of Governors of The Florida Bar.
Florida Rule of Criminal Procedure 3.010 is amended to read as follows:
3.010. Scope
These rules shall govern the procedure in all criminal proceedings in State courts including proceedings involving direct and indirect criminal contempt, including proceedings under Rule 3.850 hereof, and including vehicular and pedestrian traffic offenses insofar as these Rules are made applicable by the Florida Rules of Practice and Procedure for Traffic Courts. These Rules shall not apply to direct or indirect criminal contempt of a court acting in any appellate capacity. These Rules shall not apply to Rule 3.811 and 3.812 hereof. These Rules may be cited as the Rules of Criminal Procedure and abbreviated as R.Crim.P.
Rule of Criminal Procedure 3.811 is amended to read as follows:
3.811. Insanity at Time of Execution: Capital Cases
(a) A person under sentence of death shall not be executed while he is mentally insane to be executed.
(b) A person under sentence of death is insane for purposes of execution if such person lacks the mental capacity to understand the fact of the impending execution and the reason for it.
(c) No motion for a stay of execution pending hearing, based on grounds of the prisoner's insanity to be executed, shall be entertained by any Court until such time as the Governor of Florida shall have held appropriate proceedings for determining the issue pursuant to the appropriate Florida Statutes.
(d) Upon determination of the Governor of Florida, subsequent to the signing of a death warrant for a prisoner under sentence of death and pursuant to the applicable Florida Statutes relating to insanity at time of execution, that the prisoner is sane to be executed, counsel for the prisoner may move the Court for a stay of execution and a hearing based on the prisoner's insanity to be executed.
(1) The motion shall be filed in the Circuit Court of the Circuit in which the execution is to take place, and shall be heard by one of the judges of that Circuit or such other judge as shall be assigned by the Chief Justice of the Supreme Court to hear the motion. The State Attorney of that Circuit shall represent the State of Florida in any proceedings held on the motion.
(2) The motion shall be in writing and shall contain a certificate of counsel that the motion is made in good faith and on reasonable grounds to believe that the prisoner is insane to be executed.
(3) Counsel for the prisoner shall file, along with the motion, all reports of experts which were submitted to the Governor pursuant to the statutory procedure for executive determination of sanity to be executed. If any of such evidence is not available to counsel for the prisoner, he shall attach to the motion any affidavit so stating, with an explanation of why such evidence is unavailable.
(4) Counsel for the prisoner and the State may submit such other evidentiary material and written submissions including reports of experts on behalf of the *258 prisoner as shall be relevant to determination of the issue.
(5) A copy of the motion and all supporting documents shall be served on the Florida Department of Legal Affairs and the State Attorney of the Circuit in which the motion has been filed.
(e) If the circuit judge, upon review of the motion and submissions, has reasonable grounds to believe that the prisoner is insane to be executed, the judge shall grant a stay of execution and may order further proceedings which may include a hearing pursuant to rule 3.812.
Committee Note:
This rule is not intended to preclude the Office of the Attorney General or the State Attorney of the Circuit in which the trial was held from appearing on behalf of the State of Florida under circumstances when permitted by law.
New Rule 3.812 of the Rules of Criminal Procedure is adopted to read as follows:
3.812. Hearing on Insanity at Time of Execution: Capital Cases.
(a) The hearing on the prisoner's insanity to be executed shall not be a review of the Governor's determination, but shall be a hearing de novo.
(b) At the hearing the issue shall be whether the prisoner presently meets the criteria for insanity at time of execution, that is, whether the prisoner lacks the mental capacity to understand the fact of the pending execution and the reason for it.
(c) The Court may do such of the following as may be appropriate and adequate for a just resolution of the issues raised:
(1) Require the presence of the prisoner at the hearing.
(2) Appoint no more than three (3) disinterested mental health experts to examine the prisoner with respect to the criteria for insanity to be executed and to report their findings and conclusions to the Court.
(3) Enter such other orders as may be appropriate to effectuate a speedy and just resolution of the issues raised.
(e) At hearings held pursuant to this rule, the Court may admit such evidence as the Court deems relevant to the issues, including but not limited to the reports of expert witnesses, and the Court shall not be strictly bound by the rules of evidence.
(f) If, at the conclusion of the hearing, the Court shall find, by clear and convincing evidence, that the prisoner is insane to be executed, the Court shall enter its order continuing the stay of the death warrant, otherwise, the Court shall deny the motion and enter its order dissolving the stay of execution.
These new rules are to become effective as of the date of this opinion.
It is so ordered.
OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
McDONALD, C.J., dissents.