PER CURIAM.
Nollie Martin, a prisoner on death row, petitions this Court for writ of habeas corpus, appeals the trial court’s denial of his motion for postconviction relief, and requests a stay of his impending execution.[1] We deny all requested relief.
Martin has a lengthy history in the courts.[2] The governor recently signed his fourth death warrant, prompting the instant proceedings. In this petition Martin argues that we should stay his execution because the United States Supreme Court has granted certiorari review, 112 S.Ct. 436 (1991), of Sochor v. State, 580 So.2d 595 (Fla.1991). Sochor, however, is distinguishable from the instant case.
In Sochor the evidence did not support one of the aggravators found by the trial court. Id. at 603. We affirmed the death sentence because “[s]triking one aggravating factor when there are no mitigating circumstances does not necessarily require resentencing.” Id. at 604. In other words, any error was harmless. We did not detail a harmless error analysis in our written opinion, however, and before the Supreme Court Sochor argued that this Court failed to make a harmless error analysis or to reweigh the evidence after striking an ag-gravator. We affirmed all five aggrava-tors found by Martin’s trial court,[3] however, and whether we did a harmless error analysis is not at issue in Martin’s case because no error occurred.
Sochor also argued to the Supreme Court that the heinous, atrocious, or cruel aggravator is unconstitutional. Martin did not object to the heinous, atrocious, or cru *121 el instruction, and his trial court found, and we affirmed, that Martin killed his victim in a heinous, atrocious, or cruel manner.[4] The Sochor claim, therefore, is procedurally barred. Moreover, even if the Supreme Court were to declare that aggravator invalid, we would hold the trial court’s use of it harmless. Removing that aggravator would leave four valid ones to be weighed against no mitigators. Any reliance on the invalid aggravator would have had no effect and would be harmless beyond any reasonable doubt. We hold therefore that the Supreme Court’s granting of review in Sochor has no effect on Martin.
In his most recent motion for post-conviction relief, Martin raised two issues: 1) error under Hitchcock v. Dugger, 481 U.S. 393, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987), that rendered his trial counsel ineffective; and 2) denial of competent assistance by mental health experts. The Hitchcock claim has been raised and rejected before[5] and is procedurally barred. Martin has attacked his mental examinations before.[6] That his counsel has thought of yet another argument to raise concerning them is unavailing. This current issue should have been raised, if at all, prior to this, the eleventh hour. E.g., Tafero v. State, 524 So.2d 987 (Fla.1987). The second issue, therefore, is also procedurally barred.
The petition for writ of habeas corpus and the request for stay of execution are denied, and the trial court’s order denying relief is affirmed.
It is so ordered.
OVERTON, Acting C.J., and McDonald, barkett, grimes, KOGAN and HARDING, JJ., concur.
NO MOTION FOR REHEARING WILL BE ALLOWED.

. We have jurisdiction. Art. V, § 3(b)(1), (9), Fla. Const.

. Martin v. Dugger, 891 F.2d 807 (11th Cir.1989), cert. denied, — U.S. -, 111 S.Ct. 222, 112 L.Ed.2d 178 (1990), and cases cited therein; Martin v. State, 515 So.2d 189 (Fla.1987); Martin v. Dugger, 515 So.2d 185 (Fla.1987); Martin v. Wainwright, 497 So.2d 872 (Fla.1986), cert. denied, 481 U.S. 1033, 107 S.Ct. 1965, 95 L.Ed.2d 536 (1987); Martin v. State, 455 So.2d 370 (Fla.1984); Martin v. State, 420 So.2d 583 (Fla.1982), cert. denied, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983).

.420 So.2d at 585.

.The trial court gave the following instruction on heinous, atrocious, or cruel, which we hold is constitutionally sufficient:
That the crime for which the defendant is to be sentenced was especially heinous, atrocious or cruel. Heinous means extremely wicked or shockingly evil. Atrocious means outrageously wicked and vile. Cruel means designed to inflict a high degree of pain, utter indifference to or enjoyment of the suffering of others; pitiless.
Cf. Sanchez-Velasco v. State, 570 So.2d 908 (Fla.1990), cert. denied, — U.S. -, 111 S.Ct. 2045, 114 L.Ed.2d 129 (1991).

.891 F.2d at 808; 515 So.2d at 187.

.E.g., 455 So.2d at 371-372.