664 So.2d 18 (1995)
Francisco FUSTER, Appellant,
v.
The STATE of Florida, Appellee.
No. 95-3032.
District Court of Appeal of Florida, Third District.
November 15, 1995.
Rehearing Denied December 20, 1995.
*19 Arthur P. Cohen, Ft. Lauderdale, for appellant.
Robert A. Butterworth, Attorney General, for appellee.
Before SCHWARTZ, C.J., and NESBITT and JORGENSON, JJ.
PER CURIAM.
The defendant seeks review of the following order denying his Rule 3.850 motion for relief from the multiple convictions for child abuse and sexual battery affirmed in Escalona v. State, 588 So.2d 337 (Fla. 3d DCA 1991):
"1. Defendant's claim of ineffective assistance of counsel, is time barred, by virtue of defendant's failure to assert this claim within two years of the dismissal of his direct appeal on July 25, 1986, and the return of jurisdiction to this Court. Baggett v. State, 637 So.2d 303 (Fla. 1st DCA 1994); Ward v. Dugger, 508 So.2d 778 (Fla. 1st DCA 1987).
2. Defendant's claim of newly discovered evidence with regard to gonorrhea testing, does not constitute new evidence under the standard set forth in Jones v. State, 591 So.2d 911 (Fla. 1991).
3. Defendant's claim of newly discovered evidence and case law, with regard to testimony of child witnesses and interview techniques employed by investigators, is a matter which was litigated at trial, and is unaffected by the procedures adopted by the New Jersey courts in State v. Michaels, 642 A.2d 1372, 136 N.J. 299 (1994) as such evolutionary developments in the law are not cognizable in post-conviction proceedings unless emanating from the Supreme Court of Florida or the United States Supreme Court. Witt v. State, 387 So.2d 922 (Fla. 1980).
4. Defendant's final contention concerning newly discovered evidence in the form of the witness, Ileana Fuster's recantation *20 of her trial testimony, is such that the Court initially deemed appropriate for an evidentiary hearing. However, it is now clear to the Court, and conceded by the defendant, that Ileana Fuster is not willing to testify. The evidence proffered by defendant establishes that defendant seeks to prove this claim by presentation of Ileana's 1985 deposition and trial testimony regarding the conditions of her confinement and psychological treatment by her therapists, and to then present expert testimony as to the effect of this on her ability to testify truthfully. It is, however, well established that an expert is prohibited from commenting to the fact-finder as to the truthfulness or credibility of a witness's statement in general. State v. Townsend, 635 So.2d 949 (Fla. 1994). Moreover, it is clear that the facts upon which this claim is based were known or ascertainable at the time of trial. That the defendant seeks to present new experts, who draw different conclusions, does not present a claim of newly discovered evidence. Elledge v. Graham, 432 So.2d 35 (Fla. 1983); State v. Matera, 266 So.2d 661 (Fla. 1972).
Inasmuch as the files and record in this case conclusively show that the defendant is entitled to no relief, it is hereby
ORDERED AND ADJUDGED that the Motion for Post-Conviction Relief be, and the same is, hereby DENIED."
We entirely agree.
Affirmed.